In re Edward Charles Wayne RIGGSBY, Donna Lee Riggsby, Debtors.

Edward Charles Wayne RIGGSBY, Donna Lee Riggsby, Plaintiffs,

v.

FORT OGLETHORPE STATE BANK, Defendant.

Bankruptcy No. 1–81–00994.
Adv. No. 1–81–0414.

United States Bankruptcy Court,
E. D. Tennessee.

Aug. 19, 1981.

Bates S. Bryan, Jr., Chattanooga, Tenn., for plaintiffs.

Mark J. Mayfield, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

On May 22, 1981, the debtors filed their petition in bankruptcy. About a month before then, the defendant bank notified Mrs. Riggsby that it had set-off her last deposit of a payroll check against two loan debts on which the payments were delinquent. The debtors brought this action to recover the set-off.

The bank filed a motion to dismiss because of improper venue. The bank relies on 28 U.S.C. § 1473. It provides in part:

(a) Except as otherwise provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

Subsection (b) is the basis of the bank's objection. This is not a proceeding commenced by the trustee. It is, however, a proceeding brought by the debtors pursuant to one of the trustee's "avoiding powers". 11 U.S.C. § 522(h) & § 553. The court assumes for purposes of this memorandum that § 1473(b) also limits the venue for suits by debtors.[1]

The legislative history of § 1473(b) says it is meant to "prevent unfairness to distant debtors of the estate, when the cost of defending would be greater than the cost of paying the debt owed." S.Rep.No. 95–989, 95th Cong., 2d Sess. 155 (1978); H.R.Rep. No. 95–595, 95 Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Proper venue is a right personal to the defendant and may be waived by failure to object. 28 U.S.C. § 1477(b). The debtors argue that the bank waived any objection by filing a claim and participating in the meeting of creditors. Of course, those actions were not taken in this adversary proceeding. But the court need not decide whether the debtors' argument is correct, because the court believes a key argument of the bank is incorrect. The bank argues that 28 U.S.C. § 1477(a) does not apply. It provides:

The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other division or district.

■ The bank's argument is that the above statute applies only to bankruptcy cases or is not an exception to § 1473(b). Obviously, the first part of the argument is

---

1. "[Subsection (a)] also covers suits by the debtor. For example, under 11 U.S.C. § 522(h) the debtor may avoid transfers of certain of the debtor's property . . . . Section 1473(a) provides for a venue of such an action." 1 Collier on Bankruptcy ¶ 3.02 at 3–167 (15th ed. 1980).

wrong. The statute says "case or proceeding".[2]

This statute is not mentioned in § 1473(b) as an exception, but § 1473(b) is part of the general venue statute for proceedings and says nothing about waiver or cure of improper venue. Section 1477 controls that.

■ The question then is whether the court should transfer or retain this proceeding "in the interest of justice and for the convenience of the parties." This proceeding is a good example of why the cure statute should apply. The bank's cost of defending might exceed the cost of paying the debt but not because of distance.

Though convenience of the parties is the test under § 1477(a), the court should pay close attention to the inconvenience to the bank, since § 1473(b) is meant to protect defendants from suits in inconvenient forums.

The bank is located in Fort Oglethorpe, Georgia. Fort Oglethorpe is a suburb of Chattanooga, Tennessee, where this court is located. Fort Oglethorpe is within easy driving distance of this court. As the debtors pointed out, the bank was represented at the meeting of creditors.

The Bankruptcy Court for the Northern District of Georgia meets in Rome and Atlanta, Georgia, neither of which is possibly as convenient to the bank as Chattanooga. In effect the bank is arguing that this proceeding should be heard in a less convenient court.

Of course, it will be more convenient for the bank if the inconvenience to the debtors makes them drop this action. But the purpose of § 1473(b) is not to make district boundaries an automatic bar to justice. Under § 1477(a) the court can prevent that.

The interest of justice and convenience for the parties require the court to retain this proceeding rather than transfer it. It could not dismiss it, since § 1477(a) does not

allow dismissal. An order will be entered denying the motion to dismiss and requiring the bank to file a response to the complaint.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

---

**2.** "Section 1477(a) ... deals with change of venue of (i) cases under title 11 and (ii) civil proceedings arising under title 11, or arising in or related to cases under title 11. Thus it deals with subject matters which, under the Bank-

ruptcy Act, would have been termed transfer of the bankruptcy case and transfer of adversary proceedings." 1 Collier on Bankruptcy ¶ 3.02 at 3–209 (15th ed. 1979).