**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**John R. AYLING, et al., Defendants.**

**Bankruptcy No. 84–0023.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 2, 1985.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Henry N. Heuerman and Kenneth C. Baker, Toledo, Ohio, for John R. Ayling.

Charles J. Smith, Toledo, Ohio, for Robert Colgan, Sr.

Edward F. Zoltanski, Toledo, Ohio, for Roscoe Betz.

Richard E. Wolff, Toledo, Ohio, for Merle E. Pheasant, Jr.

Keithley B. Sparrow, Toledo, Ohio, for William L. Jakeway.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon two Motions which have been filed in the above entitled adversary proceeding. The first is the Motion of Defendant Robert Colgan, Sr. (hereinafter Colgan) to Dismiss this case. The second is a Motion to Dismiss filed by Defendant Roscoe R. Betz, Jr. (hereinafter Betz). The parties have filed their arguments as to the merits of these Motions and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that both the Motion of Robert Colgan, Sr. To Dismiss and the Motion of Roscoe R. Betz, Jr. To Dismiss should be DENIED.

## FACTS

The facts in this case, so far as they have been set forth in the pleadings, do not appear to be in dispute. The Plaintiff in this case is the Trustee for the liquidation of the Debtor-brokerage pursuant to the provisions of 15 U.S.C. Section 78aaa *et seq.* Immediately subsequent to the commencement of this liquidation proceeding, the Trustee received from the managing partner of the brokerage and his wife, Edward P. Wolfram, Jr., and Zula Wolfram, an assignment of all their assets, interests,

rights, and property. This assignment was given in an effort to return to the estate those assets which Wolfram had unlawfully diverted from the brokerage during the preceding ten year period.

Included in this assignment was the Wolframs' interest in a promissory note and loan agreement which had been executed by the Defendants just prior to the commencement of liquidation. Under this agreement, Zula Wolfram was to loan to the obligors the sum of Two Hundred Thousand and no/100 Dollars ($200,000.00). Although the original agreement provided for ten persons to be obligated on the note, only six of those ten persons actually executed the documents. In return for the loan, the parties to the contract agreed to repay the loan at a determinable rate of interest and to be jointly and severally liable for the entire amount of the loan. There was, however, a provision in the contract which permitted a party to pay his pro-rata share of the loan in return for a release of further liability. It is not yet clear as to whether or not the loan was actually made or, if it was, how the money was actually distributed among the parties.

Subsequent to the assignment of the Wolframs' interests, and at the time the obligors defaulted on their obligations under the loan agreement, the Trustee filed this action to enforce the terms of the contract. In its original form, the suit was brought against only one of the obligors on the note. However, after extensive discovery and other Pre-Trial litigation, the parties to the suit were able to reach a compromise. The settlement called for, among other things, the Defendant to pay to the Trustee a specified sum. In return, the Trustee assigned any cause of action he may have against the non-executing obligors to the Defendant.

After the compromise had been entered of record, the Trustee amended the Complaint and joined as party-defendants the remaining five obligors that executed the promissory note and loan agreement. The present Complaint alleges that the Defendants have defaulted on the contract, and that the default constitutes a material breach of the agreement. He also alleges that such a material breach entitles him to a declaration that the contract is void *ab initio*, and that as successor to Zula Wolfram he is entitled to a return of the loaned proceeds.

## LAW

### I

In the Motion filed by Defendant Colgan, it is asserted that inasmuch as all persons necessary for a final disposition of the rights between the parties are not presently before the Court, the case should be dismissed. Specifically, Colgan argues that despite the fact that four persons who originally were intended to be a part of this agreement did not execute the documents, they participated in the transaction and, therefore, are liable on the note. In that respect, Colgan argues that those four persons should be joined in this action so that all rights as between all the parties may be adjudicated.

In making this contention, Colgan apparently alludes to the provisions of Federal Rule of Civil Procedure 19, as made applicable by Bankruptcy Rule 7019. That Rule states in pertinent part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . .

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Under this Rule, the Court must determine whether or not the parties named by the petitioning defendant as indispensable are,

in fact, necessary for a complete litigation of the case. If such parties are indispensable and if they cannot be made a party to the action, the Court must consider the factors set forth in the Rule to determine whether a dismissal of the action is justified. *Occidental Petroleum Corp. v. Buttes Gas & Oil Co.*, 331 F.Supp. 92 (C.D. Calif.1971). Parties which may be joined because of an interest in a question of law or fact are proper parties but are not automatically necessary or indispensable. *State ex rel. State Air Resources Bd. v. Dept. of the Navy*, 431 F.Supp. 1271 (N.D. Calif.1977). The necessity of joinder must be weighed on a case-by-case basis and is left to the discretion of the Court. *Singleton v. Airco, Inc.*, 80 F.R.D. 467 (D.Ga. 1978).

In the present case, a review of the Complaint finds that the Trustee is seeking a rescission of the agreement and a return of the funds which were advanced by Wolfram. In doing so the Trustee seeks a declaration that the contract is void and that the parties should return any funds received under the auspices of that agreement. However, if the Trustee is successful in having the contract declared void, it appears that he will then be unable to rely on the provision which otherwise renders the Defendants jointly and severally liable on the note. Without joint and several liability the Defendants can only be liable for those amounts which they individually received. On the other hand, if the joint and several liability clause is applicable, the Defendants are, by virtue of the joint and several liability, subject to a suit by the Trustee against any individual obligor or against any combination of obligors that the Trustee chooses to name. If the Trustee is successful in any suit which is brought against fewer than all of the obligors, then any Defendant who pays more than his requisite share would have a cause of action against the other parties for contribution.

Under these circumstances, there does not appear to be any potential for the present Defendants to be subject to double, multiple, or otherwise inconsistent obligations to the other persons who were or were supposed to be part of the transaction. Although a complete resolution of the rights between the parties may require more than one action, it appears that any individual Defendant can ultimately be held liable for only those amounts which he actually received. While it may be true that those persons who were not named as Defendants have an interest in the outcome of this case, they cannot be considered necessary or indispensable to a proper adjudication of this action. Therefore, it must be concluded that the Motion to Dismiss filed by Colgan is without merit.

II

The second Motion to Dismiss places into question the Court's jurisdiction to entertain an action on a contract. Specifically, the Motion asserts that the recently enacted provisions of 28 U.S.C. Section 157 and 28 U.S.C. Section 1334 are inadequate to confer subject matter jurisdiction on the Bankruptcy Court in cases which are not traditionally associated with bankruptcy. It also argues that this Court should abstain from hearing this matter in the event jurisdiction is found to exist.

The provisions of 28 U.S.C. Section 1334 state in pertinent part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction ...

The provisions of 28 U.S.C. Section 157 state in pertinent part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

The operation of these statutes, as explained in *Cooper v. Coronet Ins. Co.* (Matter of Boughton), 49 B.R. 312, 12 B.C.D. 1359 (N.D.Ill.1985), is such that:

... [the District Court] derives jurisdiction over bankruptcy cases and proceedings related thereto by 28 U.S.C. Sections 157 and 1334 (Supp.1984). Section 1334 grants original and exclusive jurisdiction to the district court over cases under Title 11 of the United States Code. 28 U.S.C. Section 1334(a) (Supp.1984). Section 1334(b) grants the district court original but non-exclusive jurisdiction over cases "arising under" title 11 "Arising in" a title 11 case, and proceedings "related to" a case under title 11.

Pursuant to the power granted by 28 U.S.C. Section 157(a), the Chief Judge for the district may refer bankruptcy matters delineated in Section 1334(a) and (b) to the bankruptcy courts. [The Chief Judge of the Northern District of Ohio, Eastern Division, did so by General Order on July 16, 1984.]

Section 157 divides bankruptcy matters into "core" and "non-core" proceedings. Core proceedings may be decided by the bankruptcy court subject to appeal according to a "clearly erroneous" standard. 28 U.S.C. Section 157(b)(1) (Supp. 1984). Non-core proceedings are those which are "related to" a title 11 proceeding, but do not "arise in" or "arise under" it. The bankruptcy court has jurisdiction over such non-core proceedings; however, its decision will be subject to de novo review. 28 U.S.C. Section 157(c)(1) (Supp.1984).

Although ... [a] case may not be a core proceeding as that term is described in 28 U.S.C. Section 157(b)(1)(a) or (o), relating to administration of the estate or proceedings affecting the liquidation of assets of the estate, it ... [can be] a case "related to" a proceeding under title 11.

Related proceedings are, by definition, not core proceedings. They are "[those] adversary cases and controversies which are triable only by Article III or State courts ... [They] are traditional state common-law actions not made subject to a federal rule of decision and related only peripherally to an adjudication of bankruptcy under federal law ..." *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283, 10 C.B.C.2d 542, 544–45 [11 BCD 1197] (10th Cir., 1984).

49 B.R. 312, 12 B.C.D. 1360.

■ As previously indicated, the Complaint in this case sets forth causes of action for the recision of a contract and for the return of funds that were transferred under the auspices of a loan. It cannot be disputed that such causes of action arise under principles of State law. Accordingly, this case must be considered to be a non-core proceeding. Sections 157 and 1334

empower the Bankruptcy Court to hear non-core proceedings and to submit proposed findings of fact and conclusions of law to the District Court for the entry of dispositive orders or *de novo* review. This procedure affords the parties the opportunity to place the case before an Article III Court, thereby correcting the constitutional discrepancies cited in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Although it has been argued that even this procedure is constitutionally unsound, it has been held that the adjuncts of the District Court are entitled to decide matters of State law when they are ancillary to a Federal claim. Non-core proceedings are considered ancillary to a petition under Title 11. *See, Chemical Bank v. Grigsby's World of Carpet (In re WWG Industries, Inc.)*, 44 B.R. 287, 12 B.C.D. 752 (N.D.Ga.1984). Therefore, it appears that the provisions of Sections 157 and 1334 adequately provide for the jurisdiction of this Court in related non-core proceedings.

■ Betz has also asserted that this Court should abstain from hearing this case. However, he fails to specifically state the grounds upon which his assertion is based. In particular, he fails to state how the interests of comity between the State and Federal courts would be served by abstention. Furthermore, he has not offered any evidence which shows that a cause of action between these parties relating to the loan in question has already been commenced in State court. Without any such demonstration this Court cannot find sufficient reason to exercise its abstention authority. Accordingly, it must be concluded that the Motion to Dismiss filed by Betz is without merit.

It should be noted that the Trustee has argued that this case is a core proceeding, and that this Court is empowered to enter dispositive orders which are subject to review pursuant to 28 U.S.C. Section 158. Specifically, he argues that the action is one for the turnover of estate property, and that as to Betz, the substance of the action is the determination of a claim which will be applicable in Betz's personal Chapter 11 case. However, a review of the pleadings in this case finds that the Trustee has not, as has been done in numerous other cases, alleged that the funds loaned to the Defendants are property of the estate by virtue of a constructive trust. Similarly, the Trustee has not made specific reference to the turnover provisions of the Bankruptcy Code in asserting this action. In this regard, this Court can only adjudicate those actions which are set forth in the Complaint or any amendments thereto. Without allegations which properly assert a cause of action for turnover, this Court can consider only those allegations which have been properly plead. In its present form, this case is solely an action on a contract, and is, therefore, a related non-core proceeding.

In that same respect, while it may be true that the determination of Betz's liability on the note is tantamount to a determination of the Trustee's claim in Betz's Chapter 11 case, the Court must proceed on the matters before it in the form in which they are filed. The fact that the issue as to Betz's liability was first raised in this adversary proceeding is the controlling factor in establishing this Court's jurisdictional parameters. Accordingly, it must be concluded that the Trustee's argument that this case is the determination of a claim cannot be sustained.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion of Robert Colgan, Sr. to Dismiss be, and is hereby, DENIED.

It is FURTHER ORDERED that the Motion of Roscoe R. Betz, Jr. to Dismiss be, and is hereby, DENIED.

It is FURTHER ORDERED that a Pre-Trial in this case be, and is hereby, set for Wednesday, November 13, 1985, at 1:30 o'clock P.M., in Courtroom No. 2, United

States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.