**In re EARLE INDUSTRIES, INC., Debtor.**

**EARLE INDUSTRIES, INC., Plaintiff,**

v.

**CIRCUIT ENGINEERING, INC., Defendant.**

Bankruptcy No. 86–00869G.
Adv. No. 86–0382F.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 7, 1987.

**132**

E. Brooks Keffer, Jr., Hepburn Willcos Hamilton & Putnam, Philadelphia, Pa., for debtor/plaintiff, Earle Industries, Inc.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant, Circuit Engineering, Inc.

OPINION

BRUCE FOX, Bankruptcy Judge:

The debtor has initiated an adversary proceeding against Circuit Engineering, Inc. seeking damages for defendant's alleged breach of contract. The defendant has filed a motion requesting that I abstain from hearing this proceeding pursuant to 28 U.S.C. § 1334(c). That motion is now before me.

The debtor avers that the parties entered into an agreement under which the debtor was to manufacture various products and produce specialized drawings for defendant's use. The debtor maintains that defendant cancelled this agreement after the debtor had begun performance and the debtor seeks payment of a "cancellation charge" in the amount of $4,000.00. The defendant requests that I abstain because this matter is a noncore proceeding involving a small claim against an out of state defendant.

The concept of abstention in bankruptcy proceedings was expanded in the wake of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ("*Marathon*"). Former 28 U.S.C. § 1471(d) was recodified as 28 U.S.C. § 1334(c)(1) and section 1334(c)(2), which mandates abstention in certain circumstances, was added. As I previously noted in *In re Futura Industries Inc.*, 69 B.R. 831, 833–834 (Bankr.E.D. Pa.1987):

> The plaintiffs in the instant proceeding argue that the provisions of section 1334(c)(2) are met and that abstention is mandated. In order for mandatory abstention to apply, the plaintiffs must show that
>
> (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudi-

cated, in a state forum of appropriate jurisdiction.

■ To the extent that defendant contends that the instant proceeding is noncore within the meaning of 28 U.S.C. § 157(c)(1), I agree. This matter is simply a claim by the debtor against a nonparticipant in the bankruptcy proceedings for a breach of contract. As such, the holding in *Marathon* requires that it be classified as noncore. *In re Earle Industries, Inc.,* 71 B.R. 919, (Bankr.E.D.Pa.1987); *see Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 105 S.Ct. 3325, 3334-35, 87 L.Ed.2d 409 (1985). However, the mandatory abstention provision of section 1334(c)(2) requires more than that the matter be noncore. Here, defendant has offered no evidence that there is a pending state court action, let alone one which can be timely adjudicated. Therefore, there is no requirement that this court abstain. *See In re Futura; Matter of Krupke,* 57 B.R. 523, 526-27 (Bankr.W.D.Wisc.1986).

To the extent defendant requests that I should exercise my discretion to abstain under 28 U.S.C. § 1334(c)(1) simply because this matter is noncore, its argument misses the purpose of § 1334(c)(2). *See In re Cemetery Development Corp.,* 59 B.R. 115, 127 (Bankr.M.D.La.1986); *Matter of Krupke,* 57 B.R. at 527 (*Marathon* does not require abstention in all related proceedings); *In re Bell & Beckwith,* 54 B.R. 303, 308 (Bankr.N.D.Ohio 1985). There were some in Congress who wanted all noncore matters to be tried in a state forum, and others who feared that such a result would severely hamper the administration of the debtor's estate. The compromise fashioned by section 1334(c)(2) requires only that certain noncore proceedings be heard in state court—not all. *See, e.g.,* Remarks of Senator Dole, 130 Cong. Rec.S. 8889 (daily ed. June 29, 1980), *reprinted in* 1984 U.S. Code Cong. & Ad. News 576, 587; 1 *Collier on Bankruptcy* ¶ 3.01, at 3-60 (15th ed. 1986). (*"Collier"*).

In contrast to mandatory abstention, section 1334(c)(1) is derived from former 28 U.S.C. § 1471(d) which, in turn, was a stat-utory response to concerns articulated in *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). H.R.Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787; *accord, In re Cemetery Development Corp.,* 59 B.R. at 125; 1 Collier ¶ 3.01 at 3-57 to 58. In *Thompson,* the Court noted:

> But the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration.... Unless the matter is referred to the state courts, upon subsequent decision by the Supreme Court of Illinois it may appear that rights in local property of parties to this proceeding have—by the accident of federal jurisdiction—been determined contrary to the law of the state which in such matters is supreme.

309 U.S. at 483-84, 60 S.Ct. at 630-31.

These views were restated in *In re Kaleidoscope, Inc.,* 25 B.R. 729, 742 (N.D.Ga. 1982):

> It is now a settled rule that bankruptcy abstention is required only if resolution of the state law question will involve the bankruptcy court in matters of substantial public import.... and only if there exists no state court precedent that either answers the precise question presented or enables the bankruptcy court to predict with reasonable certainty the conclusion that the state courts will reach when ultimately presented with the question.

(citations omitted).

■ Given the genesis of section 1334(c)(1), it is not surprising that the primary determinant for the exercise of discretionary abstention is whether there exist unsettled issues of state law. *See, e.g., Matter of Boughton,* 60 B.R. 373 (N.D.Ill. 1986); *Harley Hotels, Inc. v. Rain's International Ltd.,* 57 B.R. 773 (M.D.Pa.1985). However, this is not the only factor warranting consideration. Abstention may be

appropriate in the "interest of justice," or "in the interest of comity ... or respect for state law." 28 U.S.C. § 1334(c)(1). To some extent, this statutory provision may summarize and incorporate federal non-bankruptcy abstention doctrines found in *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *See In re De-Lorean Motor Co.*, 49 B.R. 900 (Bankr.E.D. Mich.1985).

■ Moreover, concerns of case administration and judicial economy must also be taken into account. There may be occasions when abstention will be economic. *See Matter of Krupke*, 57 B.R. at 529 (in case involving unclear issue of state law, abstention ordered only after court also determined that resolution of the matter in state court would not unduly delay the administration of the case); *In re Counts*, 54 B.R. 730, 736 (Bankr.D.Colo.1985) (where state court action already pending, abstention ordered to avoid "needless duplication"). At other times, abstention may significantly hamper the prompt administration of the debtor's estate. *Matter of Boughton*, 60 B.R. at 377; *In re Bell & Beckwith*, 55 B.R. at 876.[1] In that regard, courts must be mindful that former section 1471(a), (b) and current section 1334(a), (b) also represent a studied Congressional decision to broaden bankruptcy jurisdiction in order to bring into one forum all matters related to the bankruptcy case "so as to facilitate the administration of bankruptcy cases." *Matter of Krupke*, 57 B.R. at 524; *accord, In re Cemetery Development Corp.*, 59 B.R. at 124. Abstention is the exception to the duty of bankruptcy courts to decide matters properly before them. *In re DeLorean*, 49 B.R. at 910. *See also*

*In re Double TRL, Inc.*, 65 B.R. 993 (Bankr.E.D.N.Y.1986).

■ As noted previously, the instant matter involves a simple question of contract law, implicating no important state policies, and which was not pending in any state forum, either at the time this bankruptcy case was commenced or presently. Dismissal of this matter through abstention would advance neither judicial economy nor the administration of this bankruptcy case. Although a noncore proceeding, this matter may yield funds for distribution through the debtor's plan for the benefit of its creditors and, as such, is a portion of the debtor's estate. Under these circumstances, there is no basis in the record to grant defendant's abstention request *Cf. In re Kreiss*, 58 B.R. 999, 1005 (Bankr.E.D.N.Y.1986) (accounts receivable action should be resolved in bankruptcy courts).

■ Perhaps sensing that this proceeding offers no commonly accepted grounds to justify the exercise of discretion under § 1334(c)(1), defendant argues that the relatively small size of the debtor's claim along with the defendant's location in another state militates toward dismissal and abstention. The thrust of this argument is that the trustee or debtor in possession should be forced to litigate small noncore matters in state forums. To a large extent, this argument is answered by 28 U.S.C. § 1409(b) which states:

Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.[2]

---

1. There may be other reasons why abstention would be in the interest of justice. *See, e.g., In re Futura Industries, Inc.*, (abstention warranted when matter is noncore, state court proceeding is pending, relief from stay was granted, matter may not even be related to bankruptcy case, and

virtually all requirements for mandatory abstention are met).

2. Subsection (d) is not applicable here since the cause of action arose prepetition. *In re Nation-*

Section 1409(b) is virtually identical to former 28 U.S.C. § 1473(b).[3] The House Report explained that the original venue provision "prevents unfairness to distant debtors of the estate when the cost of defending would be greater than the cost of paying the debt owed." H.Rep. No. 595, 95th Cong. 1st Sess. 446 (1977), U.S. Code Cong. Admin. News 1978, 6402; *accord, In re Riggsby,* 13 B.R. 335 (Bankr.E.D.Tenn. 1981).

By enacting section 1409(b), Congress has addressed the concerns voiced by defendant. Except for consumer debts[4] of less then $5,000.00, adversary proceedings seeking money judgments of at least $1,000.00 may be brought, for venue purposes, in bankruptcy courts.[5] This lawsuit seeks damages of $4,000.00 and so may be brought in this forum. Rather than seeking abstention, defendant can raise any particularized concerns with venue by virtue of a request made pursuant to 28 U.S.C. § 1412.[6]

■ The last issue is whether my conclusion that abstention is neither appropriate nor mandated may take the form of an order or, since this is a noncore proceeding, a recommendation to district court. I have previously held, in *In re Futura Industries, Inc.,* 69 B.R. at 836–37, that a bankruptcy court cannot enter an order abstaining in a noncore proceeding, but may only recommend abstention, since an abstention order may not be reviewable[7] and such an order puts a litigant out of court. *Accord, e.g.,* 1 Collier on Bankruptcy ¶ 3.01, at 3–63.

A decision not to abstain is reviewable, *see* 1 Collier ¶ 3.01 at 3–58, 3–63, and is an interlocutory decision which may be considered by the district court when it enters judgment in this matter. Even in noncore matters, bankruptcy courts have the power to enter interlocutory orders, for 28 U.S.C. § 157(c)(1) refers only to district courts entering "any final order of judgment." *See In re Kennedy,* 48 B.R. 621, 623 (Bankr.D. Ariz.1985); *In re Lion Capital Group,* 46 B.R. 850, 854 (Bankr.S.D.N.Y.1985); Taggart, *The New Bankruptcy Court System,* 59 Am.Bankr.L.J. 231, 245 n. 58, 250 n. 70 (1985). Indeed, were bankruptcy courts to issue recommendations in every interlocutory matter, (*e.g.,* discovery disputes) district courts would be quickly overburdened and bankruptcy litigation would be severely delayed. Therefore, I conclude that bankruptcy courts have the authority to enter orders denying motions to abstain. *See* 1 Collier, ¶ 3.01, at 3–63. *But see In re Cemetery Development Corp.,* 59 B.R. at 128 (because lack of symmetry might predispose a bankruptcy judge to reach a particular result, all abstention decisions should be in form of recommendations to the district court).

For the reasons set forth above, an order will be entered denying defendant's motion.

al Sugar Refining Co., 23 B.R. 726, 729 (Bankr.S. D.N.Y.1982).

3. The only difference is the current section's reference to district court, not bankruptcy court, in light of 28 U.S.C. § 1334.

4. The definition of "consumer debt" is found in 11 U.S.C. § 101(7).

5. That the defendant may be located outside of Pennsylvania does not deprive this court of *in personam* jurisdiction. *In re Fleet,* 53 B.R. 833, 840–41 (Bankr.E.D.Pa.1985) (upholding nationwide service of process for adversary proceedings).

6. Obviously, I do not now pass on the appropriateness of such a motion, which has not and may not be filed.

7. Clearly, a decision under 28 U.S.C. § 1334(c)(2) to abstain is not reviewable. Probably, a decision to abstain under § 1334(c)(1) is also not reviewable. *See In re Cemetery Development Corp.,* 59 B.R. at 128 n. 32; 1 *Collier on Bankruptcy* ¶ 3.01, at 3–58.