**RONIX CORPORATION, Plaintiff,**

v.

**CITY OF PHILADELPHIA, Defendant.**

Civ. A. No. 87–4440.

United States District Court,
E.D. Pennsylvania.

Jan. 7, 1988.

Steven R. Waxman, David L. Hyman, Burrell, Waxman, Donaghy & Lee, Philadelphia, Pa., for plaintiff.

Thomas J. Wamser, City Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

Defendant City of Philadelphia moves this court to abstain from hearing this action pursuant to the doctrine of permissive abstention applicable to proceedings arising from a Chapter 11 bankruptcy. 28 U.S.C. § 1334(c)(1) (Supp.1987).[1]

Pursuant to an oral contract with the City, plaintiff Ronix Corporation repaired and reconstructed 57 houses that were damaged during the MOVE fire. The complaint demands payment of a balance due of $285,000 and sets forth claims for breach of contract, quantum meruit, defamation and interference with contract.

On March 10, 1987 Ronix Corporation filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Under 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* (Supp.1987).

■ The City contends that permissive, or discretionary, abstention is invokable here because novel issues of Pennsylvania law having substantial public importance are raised by the complaint. It is correct that "[d]iscretionary abstention is authorized under 28 U.S.C. § 1334(c)(1) in the interest of justice, or in the interest of comity with state court or respect for state law." *In re Texaco Inc.,* 77 B.R. 433 (S.D. N.Y.1987). Abstention, however, is the exception to the rule that federal courts should hear and decide matters properly before them. *See In re Earle Industries, Inc.,* 72 B.R. 131, 134 (Bankr.E.D.Pa.1987); *In re DeLorean Motor Co.,* 49 B.R. 900, 910 (Bankr.E.D.Mich.1985). "Overuse of the abstention power would defeat the clear intent of Congress to expand jurisdic-

tion so as to facilitate the administration of bankruptcy cases." *In re Krupke,* 57 B.R. 523, 528 (Bankr.W.D.Wis.1986).

■ As recently observed by our court, the "primary determinant for the exercise of discretionary abstention is whether there exists questions of unsettled state law." *In re Earle,* 72 B.R. at 133. *See also Harley Hotels, Inc. v. Rain's International, Ltd.,* 57 B.R. 773, 781 (Bankr.M.D. Pa.1985). "Permissive abstention is not to be undertaken merely because the matter in question requires the resolution of state law issues." *In re Krupke,* 57 B.R. at 528. Instead, permissive abstention is appropriate only "if the resolution of the [state law] issues involves matters of substantial public import, and if there exists no state precedent that will enable the ... court to predict with reasonable certainty the result that the state courts would reach were the issue before them." *Id.*

None of the claims made in Ronix Corporation's complaint involve unfamiliar or unusual areas of Pennsylvania law. The City has not shown why the issues presented should be characterized as novel or difficult. Moreover, "the mere difficulty in ascertaining state law is an insufficient basis to decline to hear a case properly before this Court." *In re DeLorean,* 49 B.R. at 911. While the MOVE disaster and its aftermath involve fact issues of public importance, the same cannot be said of the issues of law.[2]

Other factors that relate to abstention are case management, judicial economy, and prompt administration of the bankrupt debtor's estate. *See In re Earle,* 72 B.R. at 134. Ronix contends that abstention would be severely prejudicial because unless this action proceeds expeditiously it may be forced into Chapter 7 liquidation before its claim against the City can be

---

1. 28 U.S.C. § 1334(c)(1):
   Nothing in this section prevents a district court in the interest of justice or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

2. In *Commonwealth v. Harambee, Inc.,* 21 Pa. Commw. 430, 436, 346 A.2d 594, 598 (1975), the decision notes that public interest governs the court's review of illegal public contracts but characterizes the pertinent law as well established.

determined.[3]

Chapter 11 was designed to allow financially distressed businesses to be reorganized and returned to solvent and healthy operation. *See, e.g., In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir. 1985). Abstention could cause inordinate delay in the final resolution of this case. The City cannot dispute that such delay would eventually defeat the purpose of the Chapter 11 reorganization. There appear to be no compelling reasons to grant abstention and, given the prejudicial delay from a bankruptcy standpoint, a strong reason to refrain from abstention. *See, e.g., UNR Industries, Inc. v. Continental Ins. Co.,* 623 F.Supp. 1319, 1334 (N.D.Ill. 1985). Accordingly, although the facts concern important matters peculiar to events in Philadelphia, the motion to abstain must be denied.

3. It is agreed that in the Philadelphia court, the case would not come to trial for at least four years. Cases on my calendar ordinarily are scheduled for trial within a year from the date of filing.