In re **DAKOTA GRAIN SYSTEMS, INC., Debtor.**

**DAKOTA GRAIN SYSTEMS, INC., Plaintiff,**

v.

**RAUSER CONSTRUCTION, INC.; Superior Systems, Inc.; and Claire M. Rauser, Defendants.**

Bankruptcy No. 84–05132.
Adv. No. 84–7089.

United States Bankruptcy Court,
D. North Dakota.

Aug. 14, 1984.

Garylle Stewart, Fargo, N.D., for plaintiff.

Paul M. Hubbard, Fargo, N.D., for defendants.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The instant matter comes before the Court on the Defendants' Motion for Abstention under section 1334(c)(2) of the Bankruptcy Amendments and Federal Judgeship Act of 1984. The Motion was filed on August 3, 1984.

The new legislation signed into law on July 10, 1984, contained significant amendments aimed at replacing the provisions of the 1978 Bankruptcy Reform Act found unconstitutional in *Northern Pipe Line Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Although section 1334 mandates that jurisdiction over all cases under Title 11 be vested with the United States District Court, section 1334(c)(2) thereof *mandates* abstention in matters that but for a bankruptcy filing would have been brought in a state rather than a federal court. The section provides:

"Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state form of appropriate jurisdiction ...."

Abstention is mandatory under the foregoing section where the case is: (1) Based upon a state-law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case and, (2) the case could not have been commenced in federal court absent the fact of a bankruptcy petition and, finally, (3) if the case were commenced in state court it could be timely adjudicated. Congress did not provide examples or guidance as to what types of cases abstention should occur in, leaving it to later case development. Guidance is, however, amply provided in the Supreme Court's *Northern Pipe Line* decision, supra, which found the provisions of former section 1471(c) of Title 28 unconstitutional. Section 1471(b) eliminated the distinction between "summary" and "plenary" jurisdiction, granting to the district courts original but not exclusive jurisdiction over all "civil proceedings arising under Title 11 or arising in or related to cases under Title 11." Under this broad grant of judicial authority, the bankruptcy courts could hear claims based on state law as well as those rooted in federal law. It was this jurisdiction which the Supreme Court found unconstitutional and which section 1334 of the 1984 Act attempts to correct. The *Northern Pipe Line* case, supra, originated in the United States Bankruptcy Court for the District of Minnesota when Northern as Debtor-in-Possession brought suit in bankruptcy court against Marathon for alleged breaches of contract, warranty and misrepresentation. The cause of action said the Supreme Court "involves a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon a bankruptcy court ..." and Congress' authority to determine how or by

whom that right is to be adjudicated is at a minimum.

Section 1471(d) of the 1978 Act allowed for abstention in the interest of justice but did not make it mandatory as does section 1334(c)(2). The latter section removes from the federal court's jurisdiction causes of action similar in nature to that of Northern Pipe Line by making abstention mandatory.

The Debtor's cause of action as determined from its Complaint appears to involve principally issues of state law. In two counts the Debtor alleges the Defendants to have breached contracts for the purchase by the Debtor of a grain equipment distributorship and accompanying inventory. Relief is sought for damages or in the alternative for rescission. The Defendants are correct in their argument that the case involves issues peculiar to state law and would not have been filed in bankruptcy court but for the bankruptcy filing itself. The present adversary was commenced by the filing of the Complaint on June 21, 1984, and it was pending when the 1984 Act was enacted on July 10, 1984. The jurisdictional provisions of the new Act, for the most part, became effective as of enactment. Section 1334(c)(2) is an exception. Section 122(b) of the 1984 Act states that section 1334(c)(2) shall not apply with respect to cases under Title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases. Thus, the provisions of section 1334(c)(2) are inapplicable insofar as a *mandated* abstention. Section 1334(c)(1) is the 1984 provision which parallels the elective abstension of former section 1471(d). This provision, effective on July 10, 1984, allows the court, in its discretion, to abstain in the interest of justice, or in the interest of comity or in respect of state law. Section 1334(c)(1) permits the Bankruptcy Court to abstain from particular proceedings in the interests of justice.

With the Supreme Court's rather clear pronouncement with respect to the exercise of jurisdiction over matters based principally upon state law and in view of the recent remedial legislation it would be inappropriate for this Court to ignore the clear expression of both the United States Supreme Court and Congress by entertaining jurisdiction solely because section 1334(c)(2) is not applicable. This is particularly true where the case has been recently commenced, no answer has been filed, the parties have not engaged in discovery, and the case quite clearly would fit within the state law cause of action exception of section 1334(c)(2). For the reasons outlined, the Court believes it is in the best interests of justice to abstain from hearing the present matter. Accordingly,

IT IS ORDERED that the Complaint in the above-entitled adversary proceeding be and is hereby dismissed without prejudice.