CONTINENTAL ASSURANCE COMPANY, an Illinois insurance corporation, Plaintiff,

v.

AMERICAN BANKSHARES CORPORATION, a Wisconsin corporation; Federal Deposit Insurance Corporation, a federal agency acting as receiver for American City Bank & Trust Company, N.A.; Colonial Bank & Trust Company, an Illinois banking corporation; Ernst & Ernst, a partnership; Harold L. Erickson; Walter F. Benz; William Bruce, II; John D. Cahill; Gerald S. Colburn; Peter F. Wegmann; Henry S. Lauterbach; Nicholas J. Lesselyoung; Harold F. Lichtsinn; W. Stanley Pearce; Clement J. Schwingle; James W. Sullivan; Robert J. Trecker; Richard D. Wright; Bernard D. Heifetz; Raymond E. Scroggins; William E. Wierdsma; Albert M. Deshur; Edward A. Korpady; Edward C. Radi; and Barrett S. Zuckerman, Defendants.

No. 76–C–248.

United States District Court, E.D. Wisconsin.

Nov. 20, 1984.

As Amended Jan. 4, 1985.

---

2.  The Court also notes that this argument is moot, since the federal claims have been dismissed as to all defendants.

Howard A. Pollack, Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis.; Andrew W. Horstman and Harding A. Orren, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiff.

Raymond E. Scroggins, pro se.

Edward C. Radi, pro se.

Dominic S. Amato, Fiorenza, Weiss, Amato & Persa, Milwaukee, Wis., for defendant Wierdsma.

Ronald L. Wallenfang and Matthew J. Flynn, Quarles & Brady, Milwaukee, Wis., for defendants Deshur, Heifetz, Korpady, Lauterbach, Lesselyoung, Lichtsinn, Pearce, Colburn, Bruce, Debelak and Schwingle.

William H. Alverson and William B. Graves, Godfrey & Kahn, Milwaukee, Wis., for defendant Ernst & Ernst.

David J. Cannon and Jose Olivieri, Michael, Best & Friedrich, Milwaukee, Wis., for defendant Wegmann.

William E. Callahan, Jr., Davis & Kuelthau, Milwaukee, Wis., for the Estates of defendants Benz and Wright.

William R. Soderstrom, Fox, Carpenter, O'Neill & Shannon, Milwaukee, Wis., for defendant Trecker.

Harold L. Erickson, pro se.

## DECISION AND ORDER

WARREN, District Judge.

All but two of the parties in this action have filed motions for reconsideration of various portions of the Court's order dated September 21, 1984, 601 F.Supp. 265. The plaintiff requests that the Court reconsider its decision dismissing counts 1, 2, 4, 7, 8, 10 and 12 of the complaint. Defendants William Bruce II, Gerald S. Colburn, John Debelak, Albert M. Deshur, Bernard D. Heifetz, Edward Korpady, Henry S. Lauterbach, Nicholas J. Lesselyoung, Harold F. Lichtsinn (deceased), Estate of Clement J. Schwingle, and W. Stanley Pearce (hereafter the "Outside Directors"), move the Court to reconsider its denial of their motion for summary judgment against plaintiff's sixth claim for relief alleging common law fraud. Defendants Raymond E. Scroggins and Edward C. Radi, Estate of Walter F. Benz and Estate of Richard D. Wright, and William E. Wierdsma (whom the Court notes, with regret, has recently died) also move for reconsideration of the decision denying their motions for summary judgment on count six.

Defendants Ernst & Whinney (hereafter "Ernst") and Robert J. Trecker have not filed motions for reconsideration. Ernst has filed a brief in opposition to plaintiff's motion for reconsideration of the decision dismissing counts 7, 8, 10, and 12. Defendant Trecker, who has not, until recently, been represented by counsel, did not previously file a motion for summary judgment in this action. However, Mr. Trecker's new attorney has written to the Court seeking to clarify whether the September 21, 1984 order dismisses counts 1, 2, and 4 as to Mr. Trecker.

Although it is a rare circumstance when a motion for reconsideration is the appropriate method by which to seek review of a court's decision, the Court has given careful consideration to each of the motions now pending. Some of these motions are well-founded; others apparently were filed due to an instinctive reaction to those filed initially. While the Court believes that its order of September 21, 1984, is essentially sound, it has decided to grant the Outside Director's motion for reconsideration as to count 6, and to grant in part the plaintiff's motion for reconsideration as to count 12. The Court will also dismiss counts 1, 2, and 4 against defendant Trecker.

## I. THE STATUTORY CLAIMS: COUNTS 1, 2, 4, 7, 8 AND 10

The plaintiff has moved for reconsideration of that portion of the Court's order dismissing counts 1, 2, 4, 7, 8 and 10 of the complaint. These counts are based on alleged violations of state and federal securities statutes, and the Court held that they were barred by the applicable statute of limitations.

In support of its motion, plaintiff merely restates arguments it made in its original brief in opposition to defendants' motion for summary judgment. Plaintiff claims, once again, that issues of material fact exists concerning the inferences to be drawn from its knowledge of certain facts, and whether knowledge of those facts would have led it to discover the alleged misrepresentations had these facts been diligently investigated. The Court examined the facts of which plaintiff was undisputedly aware, and decided that a diligent investigation of those facts would have uncovered the alleged misrepresentations. Having made this determination, dismissal by summary judgment was appropriate. See *Gieringer v. Silverman*, 731 F.2d 1272, 1277 (7th Cir.1984).

## II. COMMON LAW NEGLIGENCE: COUNT TWELVE

Count 12 of the complaint is a claim against Ernst based on common law negligence. Plaintiff contends that Ernst was

negligent in certifying the financial statements of American Bankshares Corporation and its subsidiaries, and that the plaintiff relied upon these financial statements when it decided to execute the note agreement with American City Bank. The Court held that this claim should be dismissed for two reasons: first, it is a claim based upon state law, over which this Court should not retain jurisdiction; second, Ernst owed no duty of care to the plaintiff, thus the plaintiff had not stated a claim upon which relief could be granted.

■ It is undisputed that the Court does not have independent jurisdiction with regard to the twelfth claim. The claim is based on state law, and there is no diversity of citizenship. Plaintiff argues that the Court should retain jurisdiction over this claim for reasons of judicial economy and final resolution of the merits of the dispute.

In its prior decision, the Court cited *O'Brien v. Continental Illinois National Bank & Trust*, 593 F.2d 54, 65 (7th Cir. 1979), for the proposition that pendent state claims should not be dismissed on jurisdictional grounds when a subsequent state court action would be time-barred. The Court of Appeals qualified its decision, however, as follows:

"At least when, as here, a plaintiff has pursued his federal claim in good faith and with diligence, his pendent claim should not be foreclosed by the passage of time required to dispose of the federal claim."

*Id.* at 65.

The plaintiff now admits that, pursuant to Wis.Stat. § 893.15, its state law claim may not be barred by the state statute of limitations. The Court believes that the claim would not be time-barred if brought in state court. Therefore, there is apparently no authority for retaining jurisdiction over this claim in federal court.

In its order of September 21, 1984, this Court distinguished the decision in *O'Brien* on a different basis. This Court found that the plaintiff had not diligently pursued its federal claims, as the plaintiff had in *O'Brien*. Although the Court acknowledged that the plaintiff has diligently prosecuted this action from the time it was commenced, the decision that the statute of limitations had run on the federal claims precluded a finding that the plaintiff had been diligent in bringing the action.

The plaintiff now contends that the term "diligence," as it was used by the Court of Appeals in *O'Brien*, refers to diligence in prosecuting the claims once the action has been brought. The Court of Appeals did not, plaintiff claims, mean to imply that pendent state claims should be dismissed on jurisdictional grounds where the federal claims were barred by the statute of limitations, or that the "diligence standard" be applied to pre-filing laxity.

This Court does not see any basis for distinguishing between diligence in filing an action and diligence in prosecuting that action once it has been filed where the issue of jurisdiction over pendent state law claims has been raised. Nor does this Court believe that the Court of Appeals intended to make such a distinction. In fact, in deciding this question, the Court of Appeals in *Gieringer* was primarily concerned with the plaintiff's diligence in bringing the action, not in prosecuting it thereafter. 731 F.2d at 1279.

■ The well established rule of law is that when federal claims are dismissed before trial, pendent state law claims should also be dismissed. *United Mineworkers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 307 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); *Hupp v. Gray*, 500 F.2d 993, 997–998 (7th Cir.1974); *Gieringer v. Silverman*, 539 F.Supp. 498, 507 (E.D.Wis.1982), *aff'd* 731 F.2d 1272 (7th Cir.1984). This Court properly dismissed count 12 on jurisdictional grounds, and thus plaintiff's motion for reconsideration of this aspect of the Court's September 21, 1984 order is denied.

The Court also dismissed count 12 for failure to state a claim upon which relief can be granted. In doing so, the Court relied upon the well established rule, cited by Ernst in its briefs, that an accountant owes a duty of care only "to those who, although not themselves foreseen, are members of a limited class whose reliance on the financial statements is specifically foreseen." *Hochfelder v. Ernst & Ernst*, 503 F.2d 1100, 1107 (7th Cir.1974); *see also R.I. Hospital Trust National Bank v. Swartz, et al.*, 455 F.2d 847, 851 (4th Cir. 1972); *Rusch Factors, Inc. v. Levin*, 284 F.Supp. 85 (D.R.I.1968). The Court found that plaintiff was not a member of a limited class whose reliance on the financial statements was specifically foreseen, and therefore dismissed count 12 on its merits.

In its brief in support of its motion for reconsideration, the plaintiff now brings to the Court's attention a decision by the Wisconsin Supreme Court which substantially expands the liability of accountants to third parties who rely upon negligently prepared financial statements. In *Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis.2d 376, 386, 335 N.W.2d 361 (1983), the court stated:

"The fundamental principle of Wisconsin negligence law is that a tortfeasor is fully liable for all foreseeable consequences of his act except as those consequences are limited by policy factors...

We conclude that accountant's liability to third parties should be determined under the accepted principles of Wisconsin negligence law."

The Wisconsin Supreme Court went on to list several policy factors which might, under certain circumstances, preclude a finding of liability on behalf of accountants to third parties. One of these policy considerations was whether "allowance of recovery would enter a field that has no sensible or just stopping point. 113 Wis.2d at 387, 335 N.W.2d 361. Considering the possibility of this and other policy considerations that may preclude the imposition of liability in certain cases, the Wisconsin Supreme Court declared that a "full factual resolution" of each case should be undertaken. *Id.*

The long standing rule limiting the liability of accountants to third parties was set forth by Judge (later Justice) Cardozo in *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931), where he stated:

"If liability for negligence exists, a thoughtless slip or blunder, the failure to detect a theft or forgery beneath the cover of deceptive entries, may expose accountants to a liability in an indeterminate amount for an indeterminate time to an indeterminate class. The hazards of a business conducted in these terms are so extreme as to enkindle doubt whether a flaw may not exist in the implication of a duty that exposes to these consequences."

255 N.Y. at 179, 174 N.E. at 444.

Clearly, the original rule was founded upon a public policy consideration: extension of liability of accountants to third parties would expose an entire profession to an unlimited, unwarranted, and unsolicited liability. This Court wonders whether, unless the term "foreseeable" is defined more narrowly in this area than it has been within the context of Wisconsin negligence law, the new rule in *Citizens State Bank* is directly opposed to the public policy consideration expressed by Judge Cardoza, if not that expressed by the Wisconsin Supreme Court as well. In other words, very few cases would exist, this Court opines, where the extension of liability of accountants to third persons would not violate this particular public policy, and therefore reduce the number of cases where liability would be found to those where the third party belonged to a "limited class whose reliance on the financial statements is specifically foreseen." *Hochfelder, supra,* at 1107. In short, this Court questions whether the rule in Wisconsin has really been changed at all.

In light of the decision in *Citizens State Bank*, however, this Court feels compelled to vacate that portion of its September 21, 1984 order dismissing count 12 for failure to state a claim. It is apparent that the

law as to the liability of accountants to third parties is in the process of evolution in Wisconsin, and it remains to be seen what effect the decision in *Citizens State Bank* will have. Under the circumstances, the Court feels even more justified than previously in dismissing count 12 on jurisdictional grounds, for this claim is one which should be tried, if at all, by a Wisconsin court under that state's new rule. As the United States Supreme Court stated in *Gibbs:*

"... [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, and by procuring for them a surer-footed reading of applicable laws."

383 U.S. at 726, 86 S.Ct. at 1139. The question of liability is this case should be decided in the appropriate state forum.

■ Finally, with regard to count 12, Ernst urges the Court to decide the question presented in its motion for summary judgment whether the plaintiff actually relied upon the financial statements of American Bankshares and its subsidiaries in deciding whether to execute the note agreement with American City Bank. Although Ernst claims that no issue of material fact exists on this question, the Court believes that the plaintiff has alleged enough facts with regard to this issue that a material question of fact does exist. Therefore, the Court declines to decide this question on a motion for summary judgment.

### III. COMMON LAW FRAUD: COUNT SIX

■ The most difficult question presented by the motions for reconsideration is whether an issue of fact exists concerning the sixth claim in the complaint. The Outside Directors, those who were living at the time this action was brought, have each submitted identical affidavits which include the following paragraph:

4. At all times relevant, affiant was an outside (non-employee) director of American City and Bankshares, who played no part, directly or indirectly, in any of the negotiations or events which

resulted in the purchase by Continental Assurance Company of $2 Million principal amount capital notes of American City on April 10, 1973 ("the capital notes"). Affiant did not at any time during the relevant period meet or have any discussion of any kind or any other contact of any kind with any officer, employee or other representative of Continental Assurance Company with respect to the issuance of the capital notes, or with Goldman, Sachs & Co. who acted as agent for American City in connection with the placement of the capital notes. Affiant did not, at any time during the relevant period, have knowledge of any representations being made by American City or any of its representatives, including Goldman, Sachs & Co. to Continental Assurance Company with respect to the issuance of the capital notes, and could not and did not have knowledge of misrepresentations, if any, made by American City, its officers, employees or other representatives, including but not limited to any misrepresentations alleged in the complaint.

Defendant Wierdsma has also submitted the affidavit of his attorney, Dominic S. Amato, which recites certain deposition testimony given by defendant Wierdsma. This testimony was that Wierdsma did not recall being at the Board of Directors meeting prior to the execution of the note agreement, and does not recall the discussion of any negotiations for a loan or sale of capital notes to the plaintiff.

In response, the plaintiff has submitted portions of the deposition of defendant Scroggins, in which he testified that all of the directors were aware of the pending sale of debentures, and that all of them were aware of the troubled Mirochnik loans. In addition, plaintiff claims that the note agreement itself, which set forth the terms and conditions of the sale of debentures, was before the Board of Directors at their March 21, 1973 meeting. Finally, plaintiff contends that the affidavits of the Outside Directors are self-serving, and should therefore be discounted.

Previously, the Court denied the defendants' motion for summary judgment as to count 6 because it felt that the deposition testimony of defendant Scroggins was sufficient to raise an issue of fact as to the Outside Directors' knowledge of the pending loan and the fraudulent misrepresentations. Having carefully reread this testimony, the Court is convinced that the plaintiff has not met his duty under Rule 56(e), Federal Rules of Civil Procedure, to "set forth specific facts showing that there is a genuine issue for trial." The testimony of defendant Scroggins is too vague with regard to what knowledge was possessed by which directors, and does not meet the specificity requirement of Rule 56(e).

As the Outside Directors argue in their briefs, knowledge on the part of an alleged perpetrator that a false representation has been made is an essential element of common law fraud. *Federal Deposit Insurance Corporation v. Lesselyoung, et al.,* 476 F.Supp. 938, 946 (E.D.Wis.1979), *aff'd* 626 F.2d 1327 (7th Cir.1980). While the affidavits submitted by the Outside Directors are self-serving and apparently the product of the same word processor, the veracity of the statements therein cannot be discounted completely. Plaintiff still has a duty incumbent upon him to demonstrate that these individuals knew that false representations had been made, and the vague recollections of defendant Scroggins do not suffice for that purpose.

Accordingly, the Court will grant the motions of the Outside Directors for reconsideration and reverse its decision denying their motion for summary judgment as to count 6 of the complaint. For the same reason, the Court will grant defendant Wierdsma's motion for summary judgment and dismiss count 6 as to him. The affidavits submitted do not indicate what knowledge of the misrepresentations was had by the other defendants named in count 6, they being defendants Scroggins, Radi, Estate of Wright, Estate of Benz, and Trecker. Therefore, count 6 will not be dismissed as to them, and their motions for reconsideration (excepting Trecker, who did not file one) are denied.

## IV. MR. TRECKER: THE MOVANT–COME–LATELY

On October 26, 1984, the Court received a letter from counsel for defendant Trecker, Mr. Soderstrom, in which he seeks clarification as to whether the Court's order of September 21, 1984, dismissed counts 1, 2, and 4 as to Mr. Trecker. The short answer is that it did not. As there was no motion for summary judgment filed by Mr. Trecker, and since the Court's order was silent as to him, none of the claims against him were officially dismissed.

Ordinarily, the Court looks with disfavor upon the attempt of a party to become the beneficiary of an order dismissing a claim when that party had stood passively by throughout the motion and briefing stage of the case. Even though he was without counsel, Mr. Trecker could easily have filed a one or two page motion, as some of the other defendants did, relying upon the briefs of other parties for support. For some unexplained reason, Mr. Trecker chose not to do this.

The Court is now faced with an awkward situation. By right, Mr. Trecker should not be allowed to benefit from the Court's decision. On the other hand, it makes no sense to uphold counts 1, 2 and 4 against Mr. Trecker alone, and thereby further complicate this case. Nor does this Court desire an influx of any more unnecessary motions in this case at this time, since the file is voluminous enough as is.

Since counts 1, 2 and 4 were dismissed because the statute of limitations had run, the position of Mr. Trecker with regard to those claims is no different than that of the other defendants named in those counts. Had he been a party to the previous motions, these counts would have been dismissed as to him, too. Therefore, on its own motion, the Court hereby dismisses counts 1, 2, and 4 of the complaint as to defendant Trecker.

### V. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) denies the plaintiff's motion for reconsideration of the Court's decision dis-

missing counts 1, 2, 4, 7, 8 and 10 of the complaint;

(2) denies plaintiff's motion for reconsideration of the Court's decision dismissing count 12 on jurisdictional grounds;

(3) grants plaintiff's motion for reconsideration of the Court's decision dismissing count 12 for failure to state a claim upon which relief may be granted; that portion of the Court's decision of September 21, 1984, which dismissed count 12 for failure to state a claim is vacated, and the Court makes no decision on the merits of this claim;

(4) grants the motions of the Outside Directors and defendant William Wierdsma for reconsideration of the Court's decision denying their motion for summary judgment as to count 6; count 6 is dismissed as to the Outside Directors and defendant Wierdsma;

(5) denies the motions for reconsideration of defendants Scroggins and Radi; and Estate of Wright and Estate of Benz;

(6) dismisses counts 1, 2, and 4 of the complaint as to defendant Robert J. Trecker.