In re Gregory S. GHEN and/or Barbara J. Ghen, his wife, Debtors.

Gregory S. GHEN, Plaintiff,

v.

Thomas C. BRANCA, Esquire, Defendant.

Bankruptcy No. 83–01964K.
Adv. No. 83–2140K.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 24, 1985.

Meyer Simon, Glenside, Pa., for debtors.

Gary Schildhorn, Philadelphia, Pa., for defendant.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether this Court should retain jurisdiction over a proceeding, where its subject matter is identical to that of a pending state court suit, and its outcome would have no bearing on the administration of the estate. For the reasons stated herein, we conclude that abstention would be appropriate.

The facts of the case are as follows:[1] In October of 1982, Gregory S. Ghen ("debtor") instituted a breach of contract action against Thomas C. Branca ("defendant") in the Court of Common Pleas of Montgomery County. The suit stemmed from a partnership agreement between the parties.

The proceeding was stayed, in May of 1983, by the debtor's filing of a petition for the adjustment of his debts under Chapter 13 of the Bankruptcy Code ("Code"). The debtor submitted a plan which provided for rejection of an agreement terminating the partnership between himself and the defendant, and for payment to creditors out of any recovery from his suit against the defendant.

On September 22, the debtor filed a complaint against the defendant in this Court, which involved the same factual and legal issues as the state court suit and, in addition, raised the issue of the proposed rejection of the termination agreement. The debtor's modified plan, which was confirmed later that same day, included no provision for rejection of the termination

agreement, or for distribution to creditors out of any proceeds from pending litigation.

The defendant filed a motion to dismiss for lack of jurisdiction and, in the alternative, to abstain, in which the trustee joined.

We conclude that, while this Court has jurisdiction over the proceeding in question,[2] abstention would be appropriate.

This Court's jurisdiction over proceedings arising under title 11, or arising in or related to a case under title 11, is derived from § 1334 of title 28 of the United States Code, as implemented by the referral Order of July 25, 1984 of the United States District Court for the Eastern District of Pennsylvania, pursuant to § 157 of title 28. 28 U.S.C. § 1334; 28 U.S.C. § 157. However, § 1334(c) of title 28 provides that a court may abstain from hearing a particular proceeding in the interest of justice, or in the interest of comity with state courts or respect for state law. 28 U.S.C. § 1334(c).

In support of his motion, the defendant asserts that there are no bankruptcy issues involved in the proceeding in question, whose subject matter is identical to that of the pending state court suit.

The pendency of a state court action may constitute grounds for invoking the doctrine of abstention in order to foster the interests of judicial administration: comprehensive disposition of the litigation; conservation of judicial resources; and fairness to the parties. 1A J. Moore, *Moore's Federal Practice* § 0.203[4] (2d ed. 1984).

The debtor asserts that the cases are not identical because the complaint filed in this Court raised an additional issue regarding the rejection of the termination agreement. The debtor contends that, because a state court may not try that issue, this Court

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

**2.** We reject the defendant's argument that, because the outcome of the proceeding in question would have no bearing on the administration of the estate, we are deprived of jurisdiction.

While we determine that the proceeding in question is a non-core proceeding, we are authorized to hear such an action and submit proposed findings of fact and conclusions of law to the district court for final determination. 28 U.S.C. § 157.

must retain jurisdiction. While the legislative history indicates Congressional intent that a bankruptcy court may not abstain where no other forum has jurisdiction, H.R. Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, we conclude that rejection of the termination agreement is not a viable issue which would constitute an impediment to state court jurisdiction.

■ As indicated above, the debtor's original plan provided for rejection of the termination agreement, and for payment to creditors out of any recovery from pending litigation against the defendant. The debtor's confirmed plan included no such provisions.[3]

Executory contracts of the debtor may be rejected pursuant to § 365 of the Code. A proceeding to reject an executory contract, other than as part of a plan, is a contested matter, in which relief is requested by motion. Bankruptcy Rule 6006; Bankruptcy Rule 9014. A Chapter 13 plan must provide for the rejection of executory contracts not previously rejected under § 365. 11 U.S.C. § 1322.

No evidence was presented that the termination agreement was rejected through motion practice and, as stated above, the confirmed plan did not provide for its rejection. Since the agreement was not rejected, we fail to see the issue's continued relevance to the proceeding in question.

In further support of his motion, the defendant asserts that, because the confirmed plan included no provision for distribution to creditors out of any proceeds from pending litigation, any recovery from the proceeding in question would not inure to the creditors.

The confirmation of a plan, under Chapter 13, vests all of the property of the estate in the debtor, which property is free of claims of creditors provided for by the plan, absent a provision to the contrary. 11 U.S.C. § 1327.

In determining whether to abstain, a number of courts have considered whether the outcome of the proceedings would affect the estates being administered. *United ed American Bank v. Debeaubien (In re Debeaubien)*, 27 B.R. 713 (Bankr.E.D.Tenn. 1983); *Benchic v. Century Entertainment Corp. (In re Century Entertainment Corp.)*, 25 B.R. 502 (Bankr.S.D.Ohio 1982); *Energy Shed, Inc. v. Cardanas (In re Bernd)*, 20 B.R. 338 (Bankr.E.D.Wis.1982).

■ We conclude that this Court should exercise its discretion to abstain from the proceeding in question, where its subject matter is identical to that of the pending state court suit, and its outcome would have no bearing on the administration of the estate. Accordingly, we will deny the defendant's motion to dismiss for lack of jurisdiction, and grant his motion to abstain.

---

**3.** The debtor has requested that this Court take judicial notice of the trustee's motion for reconsideration of our Order confirming the plan, which was filed several hours after the evidentiary hearing on the defendant's motion to abstain. The trustee's motion declares that the omission of the above-mentioned provisions constitutes a defect, and requests that the debtor be allowed to file a substitute plan, incorporating the missing provisions.

Rule 201 of the Federal Rules of Evidence provides that a judicially noticed fact must be one not subject to reasonable dispute. Fed.R.Evid. 201(g).

We question the propriety of taking judicial notice of a court record that was not part of the file as of the close of evidence in the proceeding. In any event, because the facts to which the motion relates are subject to dispute, we decline to exercise judicial notice of the document.