## In the Matter of Howard A. KRUPKE a/k/a Howard Krupke d/b/a Brodhead Grain, Debtor.

## Howard A. KRUPKE, Plaintiff,

### v.

## Richard F. LINDEMANN, Defendant.

### Adv. No. 85–0236–11.

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 21, 1986.

Frank A. Ross, Jr., Ross & Chatterton, Madison, Wis., for plaintiff.

Lawrence E. Bechler, Jenswold, Studt, Hanson, Clark & Kaufmann, Madison, Wis., for defendant.

### MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

This adversary proceeding concerns a substantial loss of stored grain suffered by the debtor-plaintiff, Howard A. Krupke ("Krupke") which led to his bankruptcy on June 6, 1984. Prior to his petition in bankruptcy Krupke had retained the services of the defendant Richard F. Lindemann ("Lin-

demann"), a certified public accountant, at the behest of Merchant's Bank of Evansville to perform accounting services and to prepare annual financial statements. Lindemann prepared statements for Krupke for the calendar years 1981 and 1982 as well as part of 1983.

The losses suffered by Krupke are alleged to have resulted from the negligence or fraud of Krupke's brother who was in charge of Krupke's grain storage facility. The gist of the complaint against Lindemann is that he was negligent in failing to properly verify the amounts of grain on hand. Lindemann has asked this court to abstain from hearing the complaint on the basis of either the mandatory abstention requirement of 28 U.S.C. § 1334(c)(2), or the permissive abstention option of 28 U.S.C. § 1334(c)(1). For the following reasons the option to abstain will be exercised.

### I.

28 U.S.C. § 1334(c) provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action

affecting the property of the estate in bankruptcy.

On its face section 1334(c) would seem to vest the abstention power in the district court alone. However 28 U.S.C. § 1334 must be read in conjunction with 28 U.S.C. § 157 which provides for the district court's referral of bankruptcy matters.[1] Section 157(a) allows any or all bankruptcy related proceedings to be referred to the bankruptcy court at the option of the district court. The district court for this district entered an order of general reference on July 12, 1984.

The power to abstain is a necessary concomitant, under the Code's scheme, to the broad grant of in personam jurisdiction

---

1. 28 U.S.C. § 157 provides:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11 referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceeding include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

contained in section 1334(b).[2] The legislative history pertinent to former 28 U.S.C. § 1471 supports this view.

> ... Occasions arise when determination of an issue is best left to a court that decides similar issues regularly, especially if the issue is one that requires a particular expertise that the bankruptcy court does not have. For example, in *Thompson v. Magnolia Petroleum* [309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940)], the Supreme Court required a bankruptcy court to defer to a State court for determination of a particularly unusual question of State real property law. The power of abstention is necessary to the effective and meaningful exercise of the expanded jurisdiction granted by this bill.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at p. 51 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6012, 2 App. *Collier on Bankruptcy*, (15th ed. 1985). It is therefore clear that the power to abstain necessarily runs with the power to exercise the district court's jurisdiction. *See In Re Pioneer Development Corp.*, 47 B.R. 624, 12 B.C.D. 1049, 1051 (Bankr.N.D.Ill.1985); *see generally In Re Smith-Douglass, Inc.*, 43 B.R. 616, 12 B.C.D. 426 (Bankr.E.D.N.C. 1984).

This conclusion is further reinforced by 28 U.S.C. § 157(b)(3) which requires the bankruptcy judge to determine in the first instance the jurisdictional status of referred proceedings. Since the outer limits of federal jurisdiction under section 1334(b) have not yet been fully delineated, and since the distinction between core and non-core proceedings remains troublesome, the power to abstain serves as an important tool in proceedings which present good rea-sons for the court to decline to exercise jurisdiction. A number of opinions illustrate this point. *See e.g. In Re Shaford*, 52 B.R. 832, 13 B.C.D. 533 (Bankr.D.N.H. 1985); *In Re Smith-Douglass, Inc., supra; In Re Ghen*, 12 B.C.D. 889, 45 B.R. 780 (Bankr.E.D.Pa.1985).

■ It has been suggested that a court must consider whether the proceeding is "core" under section 157 or non-core and merely "related to," a bankruptcy case. In non-core matters the bankruptcy court may not enter a final judgment absent consent of the parties. Determination of core or non-core status is unnecessary in this case because this bankruptcy court is authorized under the order of reference to exercise initially the district court's jurisdiction with respect to all bankruptcy related matters. The bankruptcy court may, subject always to the district court's ultimate power to withdraw reference, abstain from hearing any proceeding which meets one or both of the statutory tests of section 1334(c) whether the proceeding is "core" or not.[3] *See e.g. In Re Maryland Nat'l Industrial Finance Corp.*, 12 B.C.D. 1352, 49 B.R. 288 (Bankr.N.D.Ill.1985); *In Re Smith-Douglass, Inc., supra; In Re Ghen, supra.* See also *In Re Pioneer Development Corp., supra.*

## II.

■ Mandatory abstention is clearly inappropriate under section 1334(c)(2) which requires mandatory abstention only "if an action *is* commenced, and can be timely adjudicated, in a State forum...." (emphasis added). *In Re Dakota Grain Systems, Inc.*, 41 B.R. 749, 12 B.C.D. 71 (Bankr.D.N. D.1984) is cited for the proposition that

---

**2.** 28 U.S.C. § 1334(b) provides:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**3.** As further discussed below, it is not by any means clear that the structure of the "bankruptcy court" under which bankruptcy judges consti-tute a unit of the district court in each judicial district, 28 U.S.C. § 151, appointed by the court of appeals, 28 U.S.C. § 152, hearing matters only upon reference which reference may be withdrawn at the absolute discretion of the district court and whose opinions are reviewed either on appeal or *de novo* by the district court, 28 U.S.C. §§ 157, 158, does not in and of itself correct any constitutional inadequacy of bankruptcy jurisdiction identified in *Marathon.*

abstention is mandatory in circumstances where no impediment exists to the filing and timely adjudication of a claim in state court. I respectfully submit that this contention is wrong, and ignores the clear language of the statute which requires that an action actually be commenced in state court. *See In Re Boughton,* 12 B.C.D. 1359, 1361, 49 B.R. 312 (Bankr.N.D.Ill. 1985).

Furthermore, mandatory abstention is not required under the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The instant proceeding consists of a state law cause of action which belonged to the debtor prior to his petition in bankruptcy and became a cause of action belonging to the estate by the purely fortuitous occurrence of Krupke's bankruptcy petition. While it is true that this is a *"Marathon* type" case in the sense that it involves purely state law claims brought by the debtor against a non-party to the bankruptcy case it does not thereby follow that *Marathon* requires abstention or dismissal.

In order to properly assess the impact of the *Marathon* case on the instant proceeding, it is necessary to consider *Marathon* against the backdrop of the 1978 and 1984 amendments to title 11 and the related bankruptcy jurisdictional statutes contained in title 28. Prior to 1978, bankruptcy referees generally possessed only "summary" or "in rem" jurisdiction over property of the bankrupt that was in the actual or constructive possession of the court of bankruptcy. *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940). Bankruptcy courts generally did not possess in-personam jurisdiction over persons not party to the bankruptcy case. Thus actions to recover preferences, or suits such as the one at bar had to be commenced by the trustee in the state or federal court having jurisdiction over the matter. This bifurcated jurisdiction produced delay and needless expense to litigants, which prompted Congress to overhaul the system.

The 1978 Amendments attempted to solve the problem by creating broad in-personam jurisdiction over proceedings "arising under title 11" or "arising in" or "related to" a case under title 11.[4] This jurisdiction was to be exercised exclusively by the bankruptcy court in each district, with the district court retaining appellate jurisdiction over bankruptcy proceedings.[5] The jurisdiction created by the 1978 Amendments was intended by Congress to be as broad as necessary to allow all matters which would have a significant effect on the administration of the bankruptcy case to be heard before one court without the delay and inefficiency engendered by the prior system. *See In Re Unity Foods, Inc.,* 35 B.R. 876, 880–881 (Bankr.N.D.Ga. 1983); *In Re Lafayette Radio Electronics Corp.,* 8 B.R. 973, 976 (Bankr.E.D.N.Y. 1981); *In Re Trina-Dee, Inc.,* 14 B.R. 482, 484 (Bankr.E.D.Pa.1981); *see also* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 445–446 (1977), 2 App. *Collier on Bankruptcy,* (15th ed. 1985).

Because the jurisdiction granted was so broad Congress recognized that provision had to be made to allow the bankruptcy courts to selectively refuse to hear some matters which would be inappropriate for determination in those courts, either because of their tangential relationship to the pending bankruptcy case, or because of considerations of comity and justice. This was provided for in former 28 U.S.C.

---

**4.** Former 28 U.S.C. § 1471(b) provided:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

**5.** Former 28 U.S.C. § 1471(c) provided:

The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

§ 1471(d).[6]  *See generally In Re Pioneer Development Corp., supra.*

Although the exact meaning of the *Marathon* case is a subject of intense debate it appears that at the very least *Marathon* stands for the proposition that a non-Article III bankruptcy judge, subject only to review by appeal to an Article III court, may not hear and decide state law causes of action which the debtor or trustee asserts against third parties to the bankruptcy. The concerns addressed in *Marathon* were dealt with by the Bankruptcy Amendments and Federal Judgeship Act of 1984 which reconstituted the bankruptcy courts, making bankruptcy judges units of the district courts under the district courts' ongoing supervision. 28 U.S.C. § 151. Under 28 U.S.C. §§ 1334, and 157 jurisdiction over bankruptcy cases and related proceedings is vested in the district court which may refer all or none of its jurisdiction to the bankruptcy judge for the district. Further the district court may at any time withdraw its reference pursuant to 28 U.S.C. § 157(d).[7] The bankruptcy judge is empowered by section 157 to hear and decide referred matters which constitute "core proceedings" as defined by 28 U.S.C. § 157. In non-core "related" proceedings the bankruptcy judge is limited to entering proposed findings of fact and conclusions of law. 28 U.S.C. § 157(b)(1), (c)(1).[8]

Although the *Marathon* case precipitated the restructuring of bankruptcy jurisdiction within the federal courts, nothing in *Marathon* cut back the broad grant of federal jurisdiction over bankruptcy related proceedings which 28 U.S.C. § 1334(b)) vests in the district court.[9] That jurisdiction remains unimpaired and may be exercised by the bankruptcy judge as a unit of the district court if properly referred. To suggest that *Marathon* required more than Congress undertook to provide is unjustified.

### III.

▮ Permissive abstention is available under section 1334(c) in the interest of justice or comity with state courts or out of respect for state law. Permissive abstention is not to be undertaken merely because the matter in question requires the resolution of state law issues. *See Meredith v. City of Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); *In Re Unity Foods, Inc.,* 35 B.R. 876 (Bankr.N.D.Ga. 1983); *In Re Lafayette Radio Electronics Corp.,* 8 B.R. 973 (Bankr.E.D.N.Y.1981). Overuse of the abstention power would defeat the clear intent of Congress to expand jurisdiction so as to facilitate the administration of bankruptcy cases. Permissive abstention based on the alleged novelty of the state law issues may, however, be appropriate, if the resolution of those issues involves matters of substantial public import, and if there exists no state precedent that will enable the bankruptcy court to predict with reasonable certainty the result that the state courts would reach were the issue before them. *In Re Republic Oil Corp.,* 51 B.R. 355, 357, 13 B.C.D. 521, 522 (Bankr.W.D.Wis.1985); *In Re Kaleidoscope, Inc.,* 25 B.R. 729, 742 (N.D.Ga.1982); *see In Re Chicago & North Western Ry. Co.,* 127 F.2d 1001, 1004 (7th Cir.1942), *cert. denied* 317 U.S. 659, 63 S.Ct. 59, 87 L.Ed. 530, *reh. den.,* 317 U.S. 708, 63 S.Ct. 155, 87 L.Ed. 564 (1942).

▮ In *Republic Oil,* this court determined that permissive abstention was inap-

---

**6.** 28 U.S.C. § 1471(d) provided:
   Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

**7.** *See* footnote 1 for text of 28 U.S.C. § 157(d).

**8.** *See* footnote 1 for text of 28 U.S.C. § 157(b)(1) and (c)(1).

**9.** Although Congress has expanded and contracted the limits of bankruptcy jurisdiction at times, the courts have usually been willing to view the scope of bankruptcy jurisdiction in an expansive light. *See generally Schumacher v. Beeler,* 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433 (1934); *Williams v. Austrian,* 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947).

propriate in part because the matter involved significant issues of bankruptcy law as well as state law, and in part because the state law issue involved concerned the doctrine of accord and satisfaction which is a well settled area of law. Thus "respect for state law" (section 1334(c)(1)) was not implicated.[10] Unlike *Republic Oil*, the present matter does not involve the resolution of significant bankruptcy law issues, and does involve the determination of novel issues of state law. The standard of care owed by an accountant in the performance of his professional duties is not the subject of any Wisconsin statutory enactment. Case law on the subject is minimal.[11] Among the numerous difficulties which this matter would present are: 1) determining the applicable standard of care for the performance of professional accountants, 2) the effect of reliance or non-reliance by the client or third parties, 3) the effect of disclaimers in the contract of employment, and 4) the effect of various intervening acts of negligence or fraud by the debtor or third parties. Since Wisconsin case law is not adequately developed in the area of accountant malpractice the court would be forced to break new ground, at any of a number of points, as to exactly how the state law should be interpreted. This is precisely the type of situation which warrants discretionary abstention. *See Thompson v. Magnolia Petroleum Co., supra.*

Further, there has been no showing in this proceeding that resolution of the matter in state court will unduly delay the administration of the case or prejudice the rights of any party. In *Republic Oil* on the contrary, a prompt determination of the status of the disputed lease was vital in order that the trustee could determine whether to assume or reject the lease under 11 U.S.C. § 365. *Republic Oil*, 51 B.R. at 358, 13 B.C.D. at 523. As noted above there is no indication in this proceeding that resolution of the malpractice issue in state court will unduly delay or otherwise hamper the debtor's ability to reorganize.

## IV.

Krupke suggests that abstention is inappropriate because under 28 U.S.C. § 1334(d) [12] his claim against Lindemann, which became property of the estate,[13] is within the exclusive jurisdiction of the court. This contention is without merit and ignores both the carefully crafted jurisdic-

10. The court also held that abstention was inappropriate because the lease in question constituted property of the estate within the exclusive jurisdiction of the court pursuant to 28 U.S.C. § 1334(d). Although this determination would not in every circumstance warrant a refusal to abstain, it constituted one additional factor making abstention inappropriate on the facts of *Republic Oil.*

11. A review of the few published Wisconsin cases on the subject of accountant malpractice reveals none dealing with an analogous fact pattern. As the court observed in *Continental Assurance Co. v. American Bankshares Corp.*, 601 F.Supp. 277 (E.D.Wis.1985):

It is apparent that the law as to the liability of accountants to third parties is in the process of evolution in Wisconsin, and it remains to be seen what effect the decision in *Citizens State Bank* will have. Under the circumstances, the Court feels even more justified than previously in dismissing count 12 on jurisdictional grounds, for this claim is one which should be tried, if at all, by a Wisconsin court under that state's new rule.

*Id.* at 281–282 (*referring to Citizens State Bank v. Timm, Schmidt & Co., S.C.,* 113 Wis.2d 376, 335 N.W.2d 361 (1983)).

12. 28 U.S.C. § 1334(d) provides:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

13. 11 U.S.C. § 541(a)(1) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

This provision has been held to encompass a broad range of property interests including generally those claims or choses in action which are assignable or transferable under state law. *See In Re Boughton,* 49 B.R. 312, 314, 13 C.B. C.2d 44, 47 (Bankr.N.D.Ill.1985).

tional scheme of section 1334 as well as long settled precedent. First, it goes without saying that if section 1334(d) forbids abstention whenever "property of the estate" is concerned it would be an exceedingly rare proceeding that would ever be subject to abstention. This would render the abstention provisions of section 1334(c)(1) and (2) as well as the provisions for obtaining relief from the automatic stay (11 U.S.C. § 362(d)) nugatory. Second, such a construction is not in accord with long standing caselaw which makes clear that in appropriate circumstances the courts may abstain from hearing matters that involve property of the estate. For example in the leading bankruptcy abstention case, *Thompson v. Magnolia Petroleum Co., supra,* the Supreme Court, before deciding that abstention was required, explicitly found that the property which was the subject matter of the dispute was sufficiently within the actual or constructive possession of the bankruptcy court so as to confer jurisdiction upon the court. *Thompson,* 309 U.S. at 481–482, 60 S.Ct. at 630. However, the court went on to state:

> A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration. And, under the circumstances of this case, we conclude that it is desirable to have the litigation proceed in the State courts of Illinois. An order to the trustee to proceed in the Illinois courts for a decision on the ownership of the fee to the right of way lands will be comparable to one in which the bankruptcy court, preserving the status quo the while, orders a trustee to determine in a plenary State court suit the legal right to property alleged by the trustee to have been fraudulently transferred by the bankrupt.

*Id.,* 309 U.S. at 483, 60 S.Ct. at 630–631 (footnotes omitted). This principle has been followed explicitly or implicitly by other cases. *See In Re Alabama Fuel Sales Co., Inc.,* 45 B.R. 365, 12 B.C.D. 882 (N.D. Ala.1985). *Cf. In Re Calabria,* 5 B.R. 73, 6 B.C.D. 441 (Bankr.D.Conn.1980) (power of court under former 28 U.S.C. § 1478 to remand claim involving property of debtor is not impaired by court's exclusive jurisdiction over such property). The proper procedure in such circumstances is for the bankruptcy court to retain sufficient jurisdiction of the "res" so as to protect the interests of the estate, while allowing the state court to resolve those issues of law within its special competence. *See Thompson,* 309 U.S. at 482–483, 60 S.Ct. at 630 (bankruptcy court impounded proceeds of sale pending resolution of state law issues in Illinois courts); *In Re Calabria,* 5 B.R. at 75 (bankruptcy court remanded foreclosure action to state court except for portion relating to debtor's exemptions and judicial lien avoidance rights). In the proceeding sub judice this court will retain jurisdiction over any funds which Krupke as debtor in possession recovers as a result of the instant lawsuit since such funds will be recovered on behalf of the estate and not Krupke personally. Permissive abstention is thus wholly justified on the facts and circumstances of this proceeding.

Upon the foregoing findings of fact and conclusions of law it is hereby

ORDERED that this court shall abstain from hearing or determining this adversary proceeding.

IT IS FURTHER ORDERED that the parties may litigate this matter in the appropriate state court of the State of Wisconsin.