**In re READING TUBE CORPORATION and Lash Holdings Limited, Debtors.**

**Bankruptcy Nos. 87–00429T, 87–00430T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 18, 1988.

Giselle Lopez Bajandas, Dominquez & Totti, Hato Rey, P.R., for movant.

Bruce Frankel, Angel & Frankel, P.C., New York City, for debtors.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before the court is a motion filed by movant, Francisco J. Ortiz, a/k/a Francis J. Ortiz ("movant"), requesting that we abstain from hearing a lawsuit commenced by movant, prior to this chapter 11 proceeding, against debtor, Reading Tube Corporation ("debtor"), and two other defendants in the United States District Court of Puerto Rico. For the reasons

outlined hereafter, we deny movant's motion.[1] A brief recitation of the facts follows.

On June 23, 1986, movant filed a complaint in the United States District Court of Puerto Rico against debtor and two other defendants (hereinafter collectively referred to as the "defendants"). (This lawsuit will hereinafter be referred to as the "Puerto Rico lawsuit"). Jurisdiction was based upon diversity of citizenship. The complaint alleges that defendants' termination of movant's contract violated a Puerto Rican statute shown as Act 75,[2] which prohibits a principal from terminating a dealer's contract without just cause. The complaint also contains paragraphs which allege unjust enrichment and tortious deprivation of profits. Movant requests damages in the amount of $916,-251.17.

On January 29, 1987, debtor filed its chapter 11 petition. Thereafter, movant filed his motion requesting that we exercise our discretion under 28 U.S.C. § 1334(c)(1) [3] and abstain from hearing the Puerto Rican lawsuit. Movant maintains that abstention is warranted because Act 75 represents important Puerto Rican public policy [4] and the United States District Court of Puerto Rico has expertise in dealing with Puerto Rican law. While we acknowledge that movant's concerns are not totally devoid of merit, we conclude, after balancing the competing interests, that abstention is not warranted in this case.

It is well established that abstention is appropriate under 28 U.S.C. § 1334(c)(1) if the state law issue before the federal court involves a matter of important state public policy *and* if no state law precedent exists on the issue to guide the federal court when deciding the case. As was stated by the District Court of Georgia in *Scroggins v. Powell, Goldstein, Frazer and Murphy (In re Kaleidoscope, Inc.),* 25 B.R. 729, 742 (N.D.Ga.1982):

It is now a settled rule that bankruptcy abstention [under 28 U.S.C. § 1334(c)(1) ] is required only if resolution of the state law question will involve the bankruptcy court in matters of substantial public import and only if there exists no state law precedent that either answers the precise question presented or enables the bankruptcy court to predict with reasonable certainty the conclusion that the state courts will reach when ultimately presented with the question.

*See also, Harley Hotels, Inc. v. Rain's International, Ltd. (In re Rain's International, Ltd.),* 57 B.R. 773 (M.D.Pa.1985); *Earle Industries, Inc. v. Circuit Engineering, Inc. (In re Earle Industries, Inc.),* 72 B.R. 131 (Bankr.E.D.Pa.1987); *Krupke v. Lindemann (In re Krupke ),* 57 B.R. 523, 13 B.C.D. 1361, B.L.D. ¶ 79,991 (Bankr.W.D.Wisc.1986). Furthermore, the discretionary abstention doctrine is the exception to the duty of federal courts to adjudicate controversies properly before them and must be narrowly construed. *In re Earle Industries, Inc., supra; Cotton*

---

1. One paragraph of movant's motion is devoted to 11 U.S.C. § 362(d) and requests relief from the automatic stay. However, no hearing was held on this case and, therefore, no evidence was presented on the § 362(d) issue. As the parties do not address the § 362(d) issue in their briefs, we assume that this issue is not being pressed. Accordingly, consistent with our decision to deny movant's abstention motion, we deny movant's § 362(d) motion, finding that movant failed to meet his initial burden of evidence production. *In re Ronald Perlstein Enterprises, Inc.,* 70 B.R. 1005 (Bankr.E.D.Pa.1987); *In re Stranahan Gear Company, Inc.,* 67 B.R. 834 (Bankr.E.D.Pa.1986).

2. Act No. 75 of June 24, 1964, as amended, 10 L.P.R.A. § 278 et seq. This statute is also known as the "Dealers Act."

3. 28 U.S.C. § 1334(c)(1) provides as follows:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with the State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

The bankruptcy courts are vested with abstention power by virtue of 28 U.S.C. § 157 and the district court's order of general reference.

4. Movant does not argue that abstention is required based upon his unjust enrichment or tortious deprivation of profits causes of action.

v. Shirah (*In re All American of Ash-burn, Inc.*), 49 B.R. 926, 13 B.C.D. 93 (Bankr.N.D.Ga.1985); *Allard v. Benjamin (In re DeLorean Motor Company )*, 49 B.R. 900, 13 C.B.C.2d 339 (Bankr.E.D.Mich 1985).

At the outset, we agree that Act 75 was enacted by the Puerto Rican legislature to protect Puerto Rican distributors from unilateral attempts by their principals to terminate the distributorship contract without just cause and that Act 75 represents important Puerto Rican public policy. However, abstention is not warranted merely because a case involves a state law issue which impacts upon important state public policy. To the contrary, abstention is warranted only if the state law issue involved impacts upon important state public policy *and* only if the state law issue is unresolved. *In re Rain's International, Ltd., supra; Freudenmann v. Drainage District #2 (In re Freudenmann )*, 76 B.R. 600 (Bankr.S.D.Tx.1987). Having reviewed all of the cases cited by the parties which interpret Act 75, we conclude that Act 75 is not an "unresolved" area of the law. Rather, our review of the cases reveals that the case law interpreting Act 75 is well developed and that standards exist under Act 75 and the case law which will enable us to predict with reasonable certainty the conclusion that a Puerto Rican court would reach if presented with the same issues.

Finally, we note that several courts have considered the extent to which abstention would affect the outcome of the bankruptcy case when deciding abstention motions. *In re Rain's International, Ltd., supra; B.U. Acquisition Company, Inc. v. Utica Mutual Insurance Company (In re Baldwin–United Corporation )*, 52 B.R. 541, 13 C.B.C.2d 538 (Bankr.S.D.Oh.1985). In fact, some courts have considered abstention inappropriate if the state law case will affect the bankruptcy estate. *Macon Prestressed Concrete Company v. Duke,* 46 B.R. 727, 12 B.C.D. 1284 (M.D.Ga.1985); *In re Freudenmann, supra; Allegheny, Inc. v. Laneido Wholesale Company (In re Allegheny, Inc.)*, 68 B.R. 183, (Bankr.W.D.Pa. 1986); *ILC v. Ebrights Refrigeration Equipment, Inc. (In re Ebrights Refrigeration Equipment, Inc.)*, 13 B.R. 546, 4 C.B.C.2d 1543 (Bankr.S.D.Oh.1981). Instantly, movant's alleged claim against debtor is substantial. Therefore, the outcome of the Puerto Rican lawsuit will have a significant effect upon the bankruptcy estate. Given this fact, and considering that Congress intended to broaden bankruptcy jurisdiction to bring all matters "related" to a bankruptcy case into one forum, *see In re Freudenmann, supra; In re Earle Industries, Inc., supra,* we conclude that the interests of justice require that we refrain from abstaining in this case.