See also 830 F.2d 1260.

## REMINGTON RAND CORPORATION—DELAWARE

### v.

**BUSINESS SYSTEMS INCORPORATED,** Global Business Corporation, Frank Capadano & Art Barber, Remington Rand, B.V. & Xerox.

**Appeal of REMINGTON RAND CORPORATION—DELAWARE, Appellant.**

No. 86–5591.

United States Court of Appeals, Third Circuit.

Argued June 23, 1987.

Decided Oct. 5, 1987.

James C. McConnon (argued), Paul & Paul, Lewis H. Van Dusen, Jr., Drinker, Biddle & Reath, Philadelphia, Pa. (David M. Satz, Jr., Saiber, Schlesinger, Satz & Goldstein, Newark, N.J., of counsel), for appellant.

Bruce E. Clark (argued), Sullivan & Cromwell, New York City (Robert B. Cali-

han, Sherryl E. Michaelson, Maureen A. Tighe, Helena Lee, of counsel), Dennis J. O'Grady, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, N.J. (Shawn L. Kelly, of counsel), for appellees The Amsterdam-Rotterdam Bank, N.V. and Pierson, Heldring & Pierson, N.V.

Before GIBBONS, Chief Judge, and WEIS and ALDISERT, Circuit Judges.

### OPINION OF THE COURT

ALDISERT, Circuit Judge.

This is an appeal from an order denying a summary application for injunctive relief against a non-party to an action. Because parties to this appeal currently are adversaries in a plenary proceeding involving the same issues that were sought to be decided by the summary application, we hold that the present appeal should be dismissed in the interest of judicial economy.

### I.

This appeal by the Remington Rand Corporation arises out of facts developed in related appeals before this court, *see Remington Rand Corp. v. Business Systems, Inc.*, 830 F.2d 1260 (3d Cir.1987); *Remington Rand Corp. v. Banning*, 830 F.2d 1256 (3d Cir.1987). We need not recount those facts in their entirety, but will set forth only adjudicative facts necessary to dispose of the present matter before us.

Appellant Remington, a United States corporation, prevailed in a trade secret misappropriation action in the district court against Business Systems, Inc., B.V., a Dutch corporation (hereinafter BSI B.V.), and BSI Office Equipment, Inc., its United States affiliate (hereinafter BSI U.S.). That action was docketed as District of New Jersey Civil Number 84-0261. As part of the interim relief granted to Remington, the district court imposed a constructive trust over certain of BSI B.V.'s assets in Holland. Appellees Amsterdam-Rotterdam Bank, N.V. and Piersen, Heldring and Piersen, N.V., Dutch banks, held fiduciary title to assets encompassed by the constructive trust order. The Banks, however, were not named as parties to the misappropriation action.

On March 4, 1985, Remington requested the district court, using the vehicle of a proposed order to show cause, to enjoin the Banks from changing the possession of BSI B.V.'s inventory or proceeds that were derived from Remington's trade secrets. Remington made this application in Civil Number 84-0261. The following day, the district court issued an order to show cause against the Banks and held a hearing on the question whether the injunctive relief requested by Remington should issue. On May 1, 1985, the district court discharged the order to show cause, holding that the relief sought by Remington could not be pursued by summary application, but would have to be sought in a separately filed plenary action.

On May 30, 1985, Remington instituted such a plenary action against the Banks in the United States District Court for the District of New Jersey; the proceedings were docketed as District of New Jersey Civil Number 85-2609 and presently are pending before the district court. Remington appeals from a final order entered in Civil Number 84-0261 on July 9, 1986, and questions the district court's holding that Remington had to resort to a separate plenary action to obtain injunctive relief against the Banks.

### II.

Remington contends that the district court erred in refusing to entertain the merits of its summary application for injunctive relief and raises complex questions regarding the power of a district court to summarily enjoin a non-party, absent service of process or personal jurisdiction over that non-party. Because of the pendency of Remington's plenary action, however, we will not reach these questions at this time. We hold instead that the proper conservation of judicial resources requires the dismissal of Remington's appeal.

■ It long has been recognized that there is a "power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Moreover, as a general principle, duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). This precept rests "on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). We can conceive of no more appropriate candidate for the application of these teachings than the present proceedings.

█ This appeal involves precisely the same parties as the ongoing plenary action presently before the district court. Moreover, both the summary application and the plenary action originated in the same federal district, before the same district court judge. Both display an identity of issues. In its summary application, Remington sought an injunction against the Banks to preserve the assets subject to the court's constructive trust order. Remington also requested that the Banks account for any proceeds received from the sale of those assets, and asked that the Banks be directed to order BSI B.V.'s trustee not to sell the assets. In its plenary action, Remington seeks equivalent relief. It seeks damages, restitution, and an accounting from the Banks for the value of those same assets. Although these two requests differ slightly in the precise form of relief sought, they are founded upon the same issue: whether the Banks are accountable to Remington for actions taken in derogation of Remington's rights in BSI B.V.'s assets. The identity of parties and issues between the summary application and the plenary action leads us to conclude that it would be wasteful and inconvenient for them to be conducted simultaneously.

Remington attempts to convince us that there is a fundamental difference between the two proceedings, such that they nevertheless should continue coevally. It alleges that, whereas its plenary action has now been encumbered by the Banks' contest over personal jurisdiction, its summary application could be heard without regard to that consideration. Even assuming that Remington could be afforded relief in a summary proceeding without demonstrating personal jurisdiction over the Banks, this does not explain why such a request could not be made within the perimeters of the plenary action. At oral argument, Remington stated that it was foreclosed from doing so by an order in Civil Number 85–2609 that suspended all other matters until personal jurisdiction was determined. Remington admitted, however, that it has not attempted to have the court lift that order to consider the propriety of granting relief without a finding of personal jurisdiction. The hypothetical spectre that the district court somehow would consider Remington's request as a summary application in Civil Number 84–0261, yet refuse to hear it in Civil Number 85–2609, a plenary action, does not warrant parallel proceedings in the same district court before the same district judge.

There is a pragmatic realization that confirms our holding. The history of this appeal reveals the parties' prodigious appetite for litigation, and portends more of the same for the future. Given these demonstrated proclivities, it is clear that our resolution of this appeal would not forestall a subsequent appeal, raising the same issues, from the plenary action. It will be most efficient and convenient for the parties, for counsel, and for the courts if this matter is fully litigated in the context of the ongoing plenary action.

### III.

Accordingly, we will dismiss Remington's appeal without prejudice to a motion by Remington in Civil Number 85–2609, raising the issue whether injunctive relief against the Banks can issue notwithstanding that personal jurisdiction has not yet been established in that action.