**In re TIDWELL INDUSTRIES, INC., Debtor.**

**TIDWELL INDUSTRIES, INC., Plaintiff,**

v.

**DELMARVA HOMES, INC., A corporation, Clinton R. Alden, an individual, and Alice S. Alden, an individual, Defendants.**

**Bankruptcy No. 85–5113.**
**Adv. No. 88–0489F.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 13, 1988.

Lee R. Benton, Schoel, Ogle, Benton, Gentle & Centeno, Birmingham, Ala., Bruce Alan Herald, Goldberg, Evans, Herald & Donationi, West Chester, Pa., for plaintiff, Tidwell Industries, Inc.

Paul S. Cherry, Wayne, Pa., for defendants, Delmarva Homes, Inc. Clinton R. Alden and Alice S. Alden.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

The three defendants in this proceeding have filed joint motions requesting *inter alia:* that this court dismiss or abstain from hearing this proceeding; or, that this court order the plaintiff to file a more definite statement; or, that this court enjoin a pending state court lawsuit. These motions have come before me by a circuitous route.

On August 21, 1985, plaintiff, Tidwell Industries, Inc. ("Tidwell"), filed a voluntary petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Northern District of Alabama. As

debtor in possession, Tidwell has continued to operate its business affairs.[1]

On January 8, 1987, Tidwell initiated a civil action in the Court of Common Pleas of Chester County Pennsylvania, No. 87–00134, against Clinton and Alice Alden. In February, 1987, this complaint was amended to add Delmarva Homes Inc. ("Delmarva") as a defendant. In its state court complaint Tidwell alleged that in June 1986 it entered into an agreement with Delmarva by which Delmarva agreed to purchase mobile homes from it. Defendants Clinton and Alice Alden are alleged to have been guarantors of this purchase agreement. Tidwell contends that Delmarva has violated the terms of their agreement entitling it to relief for breach of contract. In short, Tidwell is seeking to enforce a postpetition contract with the defendants in the state court forum.

In response to this state court lawsuit, defendants raised various pretrial motions termed "preliminary objections" (similar to Rule 12 motions) which have all been resolved by the state court. Thus, that matter should be tried within a reasonably short period.

■ Nevertheless Tidwell commenced this adversary proceeding on September 28, 1987, in the Alabama bankruptcy court against the same defendants. The cause of action and relief sought are identical to those presented by the state court proceeding. In response to defendants' challenge to venue, the bankruptcy court in Alabama transferred the adversary proceeding to this court. After notice and a hearing held on the various motions, (at which defendants did not appear), and after permitting

plaintiff to address various issues implicated by these motions,[2] I conclude that this adversary proceeding should be stayed pending the outcome of the identical state court lawsuit.[3]

I.

■ In the aftermath of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress enacted 28 U.S.C. § 1334(c)(1), (2). These provisions reflect a congressional compromise concerning the appropriate scope of bankruptcy jurisdiction. While, on one hand, former 28 U.S.C. § 1471(a), (b) and current 28 U.S.C. § 1334(a), (b) represent a congressional desire to bring into one forum all proceedings related to the administration of a bankruptcy case, § 1334(c) reflects both a congressional understanding of the constitutional limits to this broad jurisdictional grant as well as a sign of deference and comity toward state courts. *See generally, In re Earle Industries*, 72 B.R. 131 (Bankr.E.D. Pa.1987).

Under certain narrow circumstances, a bankruptcy court must refrain from hearing a particular proceeding. 28 U.S.C. § 1334(c)(2). As I previously noted in *In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987), in order for the provisions of mandatory abstention to apply, the movant must show that:

(1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not

1. Unfortunately, the record does not disclose specifically whether there has been a confirmed chapter 11 plan or, generally, the current posture of the chapter 11 case.

2. The plaintiff's written submission came in the form of a letter dated May 31, 1988. The plaintiff, in its letter complained that the defendants have filed a counterclaim in the state court lawsuit without first obtaining relief from the automatic stay. The record in this dispute reflects that the state court matter involves only postpetition dealings between plaintiff and defendants. The automatic stay does not apply to

postpetition claims. *Taylor v. First Federal Savings & Loan Association of Monessen*, 843 F.2d 153, 154 (3d Cir.1988). Thus, the filing of this counterclaim does not implicate any bankruptcy issue that need be resolved in this court.

3. Plaintiff argues that the Alabama court has already rejected defendants' motion to dismiss. However, the docket entries, as well as the court file, disclose only that defendants' proposed amendment to its motion to dismiss was overruled. Thus, the original motion is still pending.

have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

All of the criteria for mandatory abstention are met in the instant matter but one [4]—this proceeding is a core proceeding, not a related proceeding. The complaint in this proceeding raises purely state law issues, and there is a pending, identical action in a state forum. Most courts have recognized, however, that actions based upon postpetition contracts are core and not related proceedings. *E.g., In re Arnold Print Works, Inc.*, 815 F.2d 165, 166, 168–171 (1st Cir.1987); *In re J.B. Van Sciver Co.*, 73 B.R. 838, 844 (Bankr.E.D.Pa. 1987). Not only have such proceedings traditionally fallen within the summary jurisdiction of bankruptcy courts, *see In re Alan Wood Steel Co.*, 1 B.R. 167, 169 (Bankr.E.D.Pa.1979), but the debtor's failure to comply with postpetition contractual terms may give rise to a first priority administrative expense against the estate. *See* 11 U.S.C. §§ 503(b)(1)(A), 507(a)(1). *See e.g., Matter of Jartran, Inc.*, 732 F.2d 584 (7th Cir.1984); *In re Mammoth Mart*, 536 F.2d 950 (1st Cir.1976). Thus, as this is a core proceeding, mandatory abstention is not warranted.

Defendants have also requested, however, discretionary abstention under § 1334(c)(1). In general, this subsection is germane where there exist unsettled issues of state law. *See Ronix Corp. v. Philadelphia*, 82 B.R. 19 (E.D.Pa.1988); *In re Earle Industries, Inc.* No such unsettled issues are present in the matter *sub judice*. However, the fact that virtually all the criteria of mandatory abstention are present requires that a court carefully consider whether to exercise its discretion and abstain. *In re Futura Industries, Inc.*, 69 B.R. at 894. *See In re Illinois–California Express, Inc.*, 50 B.R. 232, 241 (Bankr.D. Colo.1985).

I thus must consider whether, on the record presented, it is appropriate to abstain in this proceeding by virtue of § 1334(c)(1), due to the pendency of an identical complaint in state court.

## II.

■ The question of abstention in the face of properly invoked federal jurisdiction has long troubled federal courts. It is quite clear that abstention "is an extraordinary and narrow exception to the duty of a [federal court] to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). The existence of prior filed state court litigation similar or identical to an action filed in federal court, however, has given rise to certain well established principles regarding stay or dismissal of the subsequent federal action.

> In a number of tightly drawn situations, federal courts may stay or dismiss federal actions in order to foster the interests of judicial administration; comprehensive disposition of litigation; conservation of judicial resources, and fairness to the parties.
>
> \* \* \* \* \* \*

The lower federal courts have shown some dissatisfaction with the possibility that essentially the same litigation may be pursued in federal and state courts simultaneously. This is quite understandable because the interests of judicial administration which inform the federal courts in their regulation of multiple litigation within the federal system are equally applicable to instances in which similar actions are pending in federal and state courts. Indeed, increased case loads throughout the federal system seem to have increased the sensitivity of the federal courts to the potential waste of judicial resources and unfairness to the litigants which may result from duplicative litigation in federal and state courts. Since the federal courts are gen-

---

**4.** Although no evidence was presented demonstrating when the state court matter will be tried, the resolution of preliminary objections usually means that the dispute will be scheduled for trial reasonably shortly.

erally without authority to enjoin state proceedings, the federal courts have of necessity considered but one cure for duplicative litigation: stay or dismissal of the federal action.

\*     \*     \*     \*     \*     \*

The first category of cases in which federal courts have entered stays involves instances in which a plaintiff has sued a defendant in both state and federal court on the same cause of action. A stay has generally been ordered when the state action has been filed first, no federal questions were involved, and the state forum could adequately adjudicate the claims.

1A *Moore's Federal Practice* ¶ 0.203[4], at 2147–2149 (2d ed.) (1987) (footnotes omitted). *Accord e.g., Remington Rand Corp.—Delaware v. Business Systems, Inc.,* 830 F.2d 1274, 1276 (3d Cir.1987) ("duplicative litigation in the federal system is to be avoided"); *Joffe v. Joffe,* 384 F.2d 632 (3d Cir.1967) *cert. denied* 390 U.S. 1039, 88 S.Ct. 1635, 20 L.Ed.2d 300 (1968) (federal action stayed pending state court resolution). *See also Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed. 2d 765 (1983).

The Third Circuit Court of Appeals in *Ingersoll–Rand Financial Corp. v. Callison,* 844 F.2d 133 (3d Cir.1988) has recently interpreted the two leading Supreme Court decisions discussing the relevance that a pending state court action may have upon a similar federal court lawsuit—*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.; Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As the Court of Appeals has instructed:

> In determining whether a suit may properly be dismissed in favor of concurrent state proceedings, the district court's discretion must be exercised under the relevant standard prescribed by the Supreme Court. *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). In this case that

standard is the exceptional circumstances test, as elucidated by the factors discussed in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and in *Moses Cone.*

> In *Colorado River,* the Supreme Court identified four factors to inform the district court's discretion in determining whether there are "extraordinary circumstances" which justify staying or dismissing a federal court action in deference to state court proceedings. The court should consider whether either court has assumed jurisdiction over property, the inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which the court obtained jurisdiction. 424 U.S. at 818, 96 S.Ct. at 1246. In *Moses Cone,* the court identified two additional factors—which forum's substantive law governs the merits of the litigation, 460 U.S. at 23, 103 S.Ct. at 941, and the adequacy of the state forum to protect the parties' rights. *Id.* at 26, 103 S.Ct. at 942.

*Ingersoll–Rand Financial Corp. v. Callison,* 844 F.2d at 136 (footnote omitted).

I appreciate that the holding of *Colorado River* represents a narrow exception to the basic rule "that the pendency of a state court proceeding is not a reason for a federal court to decline to exercise jurisdiction established by Congress." *Harris v. Pernsley,* 755 F.2d 338, 345 (3d Cir.) *cert. denied* 474 U.S. 965, 106 S.Ct. 331, 88 L.Ed. 2d 314 (1985). Nevertheless,

> [p]laintiffs do not have a right actively to pursue parallel state and federal actions simultaneously. Ordinarily, however, considerations of judicial economy are appropriately served by staying one of the actions while the other progresses.

*Mahaffey v. Bechtel Associates Professional Corp.,* 699 F.2d 545, 546 (D.C.Cir. 1983).

Here, the plaintiff has brought identical actions first in state court and then nine months later in bankruptcy court. All relief sought by the plaintiff can be obtained in state court. All the issues to be decided are state law and not federal law issues. I

can see no basis on the record before me for not permitting plaintiff to proceed with its first choice of forum. *See Ingersoll–Rand Financial Corp. v. Callison*, 844 F.2d at 137.

At least two bankruptcy decisions arguably support the position that dismissal of the federal action is warranted in this instance. *In re Counts*, 54 B.R. 730, 736 (Bankr.D.Colo.1985); *In re Ghen*, 45 B.R. 780 (Bankr.E.D.Pa.1985). However, in both of those decisions, the adversary proceeding was related to the debtor's bankruptcy and was not a core proceeding. Given the congressional policy of having bankruptcy courts render final determinations in core proceedings, *see* 28 U.S.C. § 157(b), I am reluctant to conclude that the pendency of a state court proceeding should result in the dismissal of a core proceeding. Moreover, it has generally been held that where federal jurisdiction properly lies,

> [t]he prior commencement of an action in a local court may justify the abatement of the federal action. However, a stay, not a dismissal, of the federal action, is generally the appropriate method to achieve this result.
>
> \* \* \* \* \* \*
>
> A stay ... permits resumption of the federal action, without risk of a time bar, in the event that the local action is dismissed voluntarily or otherwise terminates without a final adjudication on the merits.

*Mahaffey v. Bechtel Associates Professional Corp.*, 699 F.2d at 546. *Accord e.g., Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715, 717–718 (7th Cir.1982); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102, 105–106 (10th Cir.1982); *Board of Education of Valley View v. Bosworth*, 713 F.2d 1316, 1322 (7th Cir.

1982); *Chintala v. Diamond Reo Trucks, Inc.*, 393 F.Supp. 1392 (E.D.Pa.1975). *See also Williams v. Red Bank Board of Education*, 662 F.2d 1008 (3d Cir.1981).

Therefore, all legitimate concerns will be met by staying this adversary proceeding pending completion of the parallel state court action.

An appropriate order shall be entered.[5]

### ORDER

AND NOW, this 13 day of June, 1988, upon consideration and for the reasons set forth in the accompanying Memorandum,

it is hereby ORDERED that the relief requested by the defendants in their motions to dismiss or abstain, for a more definite statement, and for a stay of a state court proceeding is DENIED without prejudice. This adversary proceeding is hereby stayed pending completion of parallel state court litigation.

A status hearing shall be held on October 10, 1988 at 10:00 A.M. in Courtroom # 1.

---

**5.** Since I have concluded that a stay of the adversary proceeding rather than dismissal pursuant to 28 U.S.C. § 1334(c) is appropriate, I need not make a recommendation to the district court pursuant to Bankr. Rule 5011. Unlike final abstention orders which may not be reviewable, *see, e.g., In re Futura Industries, Inc.*, 69 B.R. 831, 837 (Bankr.E.D.Pa.1987); 1 *Collier on Bankruptcy* ¶ 3.01[3][a], at 3–66 (15th ed. 1987), a decision to grant a stay to permit the

resolution of the parallel state court lawsuit is reviewable under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (U.S. March 22, 1988); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* Thus if plaintiff desires appellate review of this stay order, it is free to so proceed.