**In re Woodvell Lee SUTTON, Debtor.**

**Russ WILKEY, Trustee, Plaintiff,**

v.

**Woodvell Lee SUTTON, et al., Defendants.**

**Bankruptcy No. 4–87–00352.
Adv. No. 4–88–0040.**

United States Bankruptcy Court, W.D. Kentucky.

March 23, 1989.

Lucius P. Hawes, Jr., Hopkinsville, Ky., for plaintiff, Russ Wilkey.

Russ Wilkey, Owensboro, Ky., trustee.

William R. Thomas, Madisonville, Ky., for Woodvell Lee Sutton, Glenda Kay Sutton and Geneva Huddleston.

Joe Evans, Madisonville, Ky., for Kentucky Bank and Trust Co.

Joseph M. Whittle, U.S. Atty., Louisville, Ky., for I.R.S.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter comes before the Court on the motion to dismiss filed by the defendants, Woodvell Lee Sutton, Glenda K. Sutton and Geneva Huddleston. The defendants' motion requests the Court to dismiss this action in favor of a parallel State Court proceeding. Plaintiff, Russ Wilkey ("Trustee"), and defendant, the United States of America, have filed their responses objecting thereto. Having reviewed the respective positions of the parties, the Court concludes that this adversary proceeding should be stayed pending the completion of the State Court action.

The Trustee has filed this adversary proceeding seeking to set aside, as fraudulent, a 1984 conveyance of the debtor's interest in his marital residence and a 1987 conveyance of the debtor's interest in a Ford Ranger. However, at the time this action was filed, an identical civil action was pending in the Hopkins Circuit Court, which was commenced prior to the debtor's Chapter 7 case. The State Court action was brought by the Kentucky Bank and Trust Company against Woodvell Lee Sutton and his wife, Glenda Kay Sutton, his mother-in-law, Geneva Huddleston, the Kentucky Revenue Cabinet and the Internal Revenue Service. In that action, the plaintiff also seeks to set aside, as fraudulent, Mr. Sutton's conveyances of his interest in his home and his Ford Ranger. The two government agencies were named as defendants since they have liens against the real and personal property in question.

On May 8, 1987, Mr. Sutton filed a Chapter 7 petition in bankruptcy. The appointed Trustee in the Chapter 7 case was ultimately substituted as the plaintiff in the State Court action. Over a year later, the Trustee filed this adversary proceeding in order to effectuate the removal of the State Court action to the Bankruptcy Court. The Court notes the deficiency in the Trustee's attempt to remove the action to Bankruptcy Court in that the Trustee has failed to file with the Clerk's office a verified application to remove, containing a short plain statement of the facts which entitle the applicant to remove, accompanied by a copy of all process and pleadings. Further, the Trustee has failed to file a copy of the application with the Clerk of Court from which the cause of action is removed. B.R. 9027. Since the plaintiff has not properly removed the State Court case to our Court, the cause of action is presently before both the State Court and our Court. On November 23, 1988, the defendants requested the Court to dismiss this adversary proceeding and allow the matter to be continued in the Hopkins Circuit Court. The defendant, United States of America, on behalf of the IRS, objected to the motion to dismiss and the Kentucky Revenue Cabinet chose not to respond. Thus, the sole issue before us is whether it is appropriate to dismiss this case in favor of the parallel State Court proceeding.

It is well established that a court may, in its discretion, stay or dismiss proceedings where another action, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed. *Blinder, Robinson & Co., Inc. v. United States Securities & Exchange Commission,* 692 F.2d 102 (10th Cir.1982). In deciding whether to dismiss or stay an action, the court must carefully balance the policy of enforcing the plaintiff's choice of a federal forum with the competing policy of avoiding duplicative and inconvenient litigation. In the case of *In re Tidwell Industries, Inc.,* 87 B.R. 345 (Bankr., E.D.Pa. 1988), the Court cited Moore's Federal Practice for the following discussion on this issue:

> In a number of tightly drawn situations, federal courts may stay or dismiss federal actions in order to foster the interest

of judicial administration; comprehensive disposition of litigation; conservation of judicial resources, and fairness to the parties.

The lower federal courts have shown some dissatisfaction with the possibility that essentially the same litigation may be pursued in federal and state courts simultaneously. This is quite understandable, because the interest of judicial administration which inform the federal courts in their regulation of multiple litigation within the federal system are equally applicable to instances in which similar actions are pending in federal and state courts. Indeed, increased caseloads throughout the federal system seem to have increased the sensitivity of the federal courts to the potential waste of judicial resources and unfairness to the litigants which may result from duplicative litigation in federal and state courts. Since the federal courts are generally without authority to enjoin state proceedings, the federal courts have of necessity considered but one cure for duplicative litigation: stay or dismissal of federal action.

The first category of cases in which federal courts have entered stays involves instances in which a plaintiff has sued a defendant in both state and federal court on the same cause of action. A stay has generally been ordered when the state action has been filed first, no federal questions were involved, and the state forum could adequately adjudicate the claims.

1(a) Moore's Federal Practice § 0.203[4], at 2147–2149. (2nd ed.) (1987). In two fairly recent cases, the Supreme Court identified a number of factors to be considered by a court in deciding whether to dismiss or stay a proceeding. The Court should consider which forums' substantive law governs the merits of the litigation, the adequacy of the state forum to protect the parties' rights, whether either Court has assumed jurisdiction over the property, the inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which the courts obtained jurisdiction. *Moses H. Cone Memorial Hospital v. Mer-*

*cury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River* 96 S.Ct. at 1247.

■ In this case, the substantive issues identical to both proceedings are clearly related to state law and not federal bankruptcy law. Since the State Court first assumed jurisdiction in this matter and there is no evidence before the Court that the State Court is any less capable of resolving these issues, this Court can see no harm in staying this proceeding so that the parties may resolve their dispute in the state forum. The Court notes that a stay of this proceeding is more appropriate than simply dismissing the case.

> Dismissal ... does not stop the clock on the time within which an action must be commenced. A stay, by contrast, permits resumption of the federal action without risk of a time bar, in the event that the local action is dismissed voluntarily or otherwise terminates without a final adjudication on the merits.

*Mahaffey v. Bechtel Associates Professional Corp.,* 699 F.2d 545, 546 (Ct. of App.D.C.1983). Moreover, dismissing a case contemplates that the parallel State Court proceeding will completely resolve the issues between the parties and, consequently, the Bankruptcy Court will have nothing else to do. Here, however, there may be some bankruptcy issues pleaded in this adversary proceeding which will need to be addressed by this Court after the State Court proceedings are concluded.

THEREFORE, the Court shall order this adversary proceeding STAYED pending final resolution of the action filed in Hopkins Circuit Court. The defendant's motion to dismiss is denied.