In re Roger W. **HARLOFF** d/b/a Roger Harloff Farms, Debtor.

Roger W. Harloff d/b/a Roger Harloff Farms, Plaintiff,

v.

Lee F. Pallardy III, Thomas A. Howze, and Barnett Banks Trust Company, N.A., and John P. Harlee, III, as successor Trustees of the Mack N. Barnes Inter Vivos Revocable Trust, u/a/d June 17, 1986, as amended, Defendants.

Bankruptcy No. 98–5120–8P1.
Adversary No. 98–425.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 14, 1998.

Robert Soriano, Jeffrey Sabin, New York City, for debtor.

Zala Forizs, St. Petersburg, FL, for defendant.

## ORDER ON MOTION OF THE TRUSTEES OF THE MACK N. BARNES INTER VIVOS REVOCABLE TRUST, LEE F. PALLARDY, III AND THOMAS A. HOWZE FOR ABSTENTION (DOC. NO. 14)

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon the Motion of the Trustees of the Mack N. Barnes Inter Vivos Revocable Trust, Lee F. Pallardy, III and Thomas A. Howze (Pallardy Group) for Abstention, requesting that this Court enter an order abstaining from hearing the above-captioned adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2). The Court reviewed the Motion and the record, heard argument of counsel · and finds as follows:

The immediate matter under consideration is a Motion filed by the Pallardy Group who seek an Order of Abstention from this Court, abstaining from considering the Complaint pursuant to the abstention provisions of 28 U.S.C. § 1334(c)(1) and (2). The Pallardy Group contends that this adversary proceeding is nothing more than a collateral attack on the State Court Stipulated Injunction and Enforcement Order entered prior to the commencement of this Chapter 11 case which involves pure State law.

Section 1334(c)(2) of the Bankruptcy Code requires bankruptcy courts to abstain from hearing state law claims under circumstances where (1) a timely motion is filed; (2) a pure state-law claim or cause of action is asserted; (3) the proceeding is "related" to a case under Title 11, but does not "arise under" or "arise in" a Title 11 case; (4) there is a lack of federal jurisdiction absent jurisdiction under Section 1334; (5) a pre-petition state court action; and (6) there is a probability of timely

adjudication in a court of appropriate jurisdiction. *In re Tidwell Industries, Inc.*, 87 B.R. 345, 347 (Bankr.E.D.Pa.1988); *In re World Solar Corp.*, 81 B.R. 603, 606 (Bankr.S.D.Cal.1988); *In re Climate Control Engineers*, 51 B.R. at 362.

■ In determining whether this Court must abstain from hearing the claims pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2), the Court must analyze three factors: (1) whether the proceeding is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2); (2) whether the proceeding is a civil proceeding which could not have been commenced in the courts of the United States absent jurisdiction based on Title 11; and (3) whether the civil proceeding can be timely adjudicated in the other forum. *See Hillsborough Holdings Corporation v. Celotex Corporation*, 123 B.R. 1004 (Bankr.M.D.Fla.1990).

■ Here, the claims set forth in this Complaint present classic State law issues. The above-captioned adversary proceeding was commenced on August 7, 1998, by the filing of a seven-count Complaint against the Defendants, Lee F. Pallardy, III, Thomas A. Howze, and Barnett Banks Trust Company, N.A. and John P. Harlee, III, as successor Trustees of the Mack N. Barnes Inter Vivos Revocable Trust, u/a/d June 17, 1986, as amended, seeking injunctive relief and damages.

The claim in Count I of the Complaint is based on a transfer claimed to be fraudulent which has its genesis in a Temporary Injunction issued by the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida. The Temporary Injunction was issued as a result of a Stipulation for Entry of Temporary Injunction (Stipulation) executed between the Debtor and the Pallardy Group. The claim of a fraudulent transfer is based on the allegation that in the Stipulation the Debtor gave away a valuable right without receiving a reasonable equivalent value. In this Count the Debtor is seeking to avoid the Enforcement Order entered by the Circuit Court which ordered the Debtor to comply with the terms of the Stipulated Temporary Injunction. The Debtor also seeks damages which he claims to have suffered as a result of the entry of the Stipulated Temporary Injunction and the Enforcement Order.

In Counts II, III and IV the Plaintiff seeks declaratory relief. In Count II, the Plaintiff seeks the entry of an order declaring that the Stipulated Injunction and Enforcement Order are no longer in force and effect and that the Plaintiff is relieved of complying with their terms. In Count III, the Plaintiff seeks the entry of an order declaring that the Stipulated Injunction and Enforcement Order were wrongfully issued and no longer in force. In Count IV, the Plaintiff seeks a declaration that his use of an alleged mutual drain and his property is a reasonable use; that he may continue to maintain and use the alleged mutual drain; that the Defendants have not been harmed by his improvements on his property, and that a mutual drain exists and that Defendants have unlawfully interfered with the alleged mutual drain.

In Counts V and VI the Plaintiff seeks declaratory and injunctive relief as well as damages. In Count V, the Plaintiff seeks a declaration that a mutual drain exists and that the Defendants interfered with the alleged mutual drain. The Plaintiff also seeks an injunction against the Defendants to prevent them from interfering with the mutual drain and to require them to restore the mutual drain. Plaintiff also seeks damages resulting from interference with the mutual drain.

In Count VI, the Plaintiff seeks a declaration that the Defendants have interfered with an implied drainage easement, an injunction from future interference with the easement and an order requiring the Defendants to restore the mutual drain. The Plaintiff also requests that the Court direct the Defendants to compensate the

 

Plaintiff for damages suffered from the interference with the drainage easement.

In Count VII, the Plaintiff seeks damages for the Defendants' allegedly wrongful closure and obstruction of the drain, Plaintiff's compliance with the Stipulated Temporary Injunction and the Enforcement Order.

While it is true that the alleged fraudulent transfer is claimed to be one of the terms of the Stipulated Temporary Injunction and the Enforcement Order, it is sought to be set aside based on Florida Statute § 726.101 as used by the Debtor by relying on Section 544(b) of the Bankruptcy Code which permits a trustee, and of course a debtor-in-possession, to borrow a State law chose of action which could have been asserted by an existing creditor of the Debtor. It is evident that the merits of the controversy still must be reasonable with reference to the applicable State law. Thus, while it might be argued that the claims in Count I could find a jurisdictional basis in the Code, i.e., Section 544(b), nevertheless just like the other claims being based on State law it should be adjudicated by a state court of competent jurisdiction.

As noted earlier, there is currently pending before the Circuit Court in Manatee County a dispute between the Debtor and the Pallardy Group which dispute is uniquely related to the water use by the Debtor in connection with his farming operation. The validity, vel non, of the Stipulated Temporary Injunction is actually presented to the Circuit Court which has already entered an Enforcement Order. The Debtor will have ample opportunity to seek a reconsideration of the Enforcement Order and assert his claims to the suit filed against him by the Pallardy Group. It does not appear that adjudication of these issues by the Circuit Court will cause undue delay to the progress of this Chapter 11 case.

Having concluded that the requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2) have been established, this Court is satisfied that the Motion to Abstain is well taken, and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Abstention, be and the same is hereby, granted as to all counts of the Complaint.